Asa Smith *against* John Starkweather.

**MOTION** for a new trial.

This was an action of disseisin, brought by *Smith* against *Starkweather*, to recover the seisin and possession of a certain parcel of land in *Preston*. The plaintiff claimed title to the demanded premises, by virtue of the levy of an execution in his favour against one *Nathan Peters*; and on trial before the Superior Court, obtained a verdict and judgment in his favour.

On the trial, it appeared, that on the 22d day of *December*, 1794, *Nathan Peters*, and *Lois*, his wife, were seised and possessed, in fee, of a tract of land, containing 127 acres, which included the land in question; and on the same day, *Peters*, and his wife, mortgaged the whole tract to *Alexander Stewart*; that afterwards, *Stewart* conveyed all his interest in the land, to the defendant, who went immediately into possession; that on the 14th day of *November*, 1807, *Jeremiah Halsey*, and the plaintiff, *Smith*, severally attached the whole tract, by suits in their own favour, respectively, against *Peters*, *Halsey*'s attachment having been served first; that in *November*, 1808, *Halsey* and *Smith* obtained final judgment and execution, in their respective suits, against *Peters*, the former for about 100 dollars, and the latter for about 490 dollars; that on the 25th day of *January*, 1809, *Halsey* caused his execution to be duly levied on the whole tract, and all the right, title and interest of *Peters* therein, except six acres,

*A.* and *B.* being jointly seised of certain lands, in fee, mortgaged the same to *C.*; *D.* and *E.* afterwards, severally, attached the lands, in suits against *A.* for his debts alone, and each obtained final judgment and execution in such suits; *D.* prior to the discharge of the mortgagee's claim, caused his execution to be levied on the land, and the levy completed; afterwards, before the payment of the mortgage debt, and before the mortgagee had reconveyed the land to the

mortgagors, *E.* commenced the levy of his execution, on the land, but the land was not appraised and set off, and the levy completed, until after such payment and reconveyance; prior to such reconveyance, and subsequent to the attachments of *D.* and *E.*, *A.* and *B.* assigned their equity of redemption to *F.* : Held, 1 .That *E.*, by the levy of his execution, acquired the legal title to the land, as tenant in common with *B.*

2. That neither *D.* by the levy of his execution, nor *F.*, by virtue of the deed of assignment, acquired any legal title to the land.

3. That the rights of *E.* could not be affected by any change of the title of *A.*, between the commencement and completion of the levy of his execution.

4. That one tenant in common, though he declare on his own seisin and possession, without noticing the right of his fellow commoner, may maintain ejectment against a mere disseisor.

5. That a grant of an interest in lands, though not recorded, is valid between the parties, and all persons claiming under them.

one quarter and thirty rods, at the south-east end, was duly appraised and set off to him, in satisfaction of his execution, which was duly returned and recorded in the proper offices, on the 1st and 2d days of *February*, 1809; that after such levy was made, and the officer's return of the execution was completed and signed, but before it was returned to the proper offices for record, *viz.* on the 30th day of *January*, 1809, *Smith*, the plaintiff, in the name of *Peters*, tendered to the officer holding the execution, the full amount thereof, with all costs of the levy; that the officer refused to receive the money, as *Halsey*, previous to the time of the tender, had conveyed all his interest in the land attached to *Isaac Williams*; that on the 27th day of *March*, 1809, within four months after final judgments, *Smith*, the plaintiff, caused his execution to be levied on the whole tract of land above mentioned; and on the 3d day of *May*, 1809, fifteen acres, one quarter and twenty-nine rods, being part of the aforesaid tract, and being the land in question, was duly appraised and set off to him in fee, in satisfaction of his execution, and the record of this levy, was completed on the 16th day of *May*, 1809; that on the 10th day of *April*, 1809, *Starkweather*, the defendant, the debt originally due to *Stewart* having been paid, released all his right and title to the whole tract, to *Peters* and his wife; that they received the deed, but did not procure it to be recorded; that *Peters* and his wife, on the 6th day of *October*, 1808, by deed of release, conveyed to *Coddington Billings*, all their interest in the whole tract of land; which last mentioned deed, was recorded on the 14th day of *April*, 1809. *Peters* and his wife, from the time of the execution of their mortgage deed to *Stewart*, to the time of the execution of the defendant's release deed to them, possessed no other interest in the land, than merely the equity of redemption.

The plaintiff, from the preceding facts, claimed, that his title to the land in question, was complete; and the defendant resisted this claim, as tenant of *Williams*, who was *Halsey's* grantee. He contended, that by the levy of *Halsey's* execution, and his conveyance of his interest in the land to

*Williams*, he, *Williams*, thereby became vested with the legal title ; and if *Williams'* title should fail, that *Billings*, by virtue of the deed from *Peters* and his wife, ought to be considered as the legal proprietor of the land ; so that in either case, the plaintiff was not entitled to recover.

The court, in their charge, instructed the jury, that upon the facts in the case, the law was so, that the plaintiff was entitled to recover the demanded premises, and directed them to find a verdict for the plaintiff ; and the jury found a verdict accordingly : Whereupon, the defendant moved for a new trial, on the ground of a misdirection ; which motion was reserved for the opinion of the nine Judges.

*Daggett* and *Goddard*, argued in support of the motion.

*Hosmer*, contra.

TRUMBULL, J. (After stating the case.) In the present action, the plaintiff declares, that he was well seised and possessed of the lands demanded, in his own right, in fee, until he was disseised by the defendant. The only question before us, is, whether the title, at law, is vested in the plaintiff, or in some other of the claimants ?

The defendant, after the delivery of his deed of release to *Peters* and his wife, had no claim of title to the land ; for the deed, though not recorded, is valid between the parties, and as it respects all persons claiming under them. Neither *Halsey*, *Williams*, nor *Billings*, have obtained any legal title. At the time when their claims, either by deed or levy of execution, commence, *Peters* and his wife had only an equity of redemption in the land ; and nothing more could be acquired from them, by levy or conveyance.

The questions agitated at the bar, whether the tender to the officer on *Halsey's* execution, after he had completed the levy except recording, is valid for the purpose of defeating his title ; and whether the plaintiff, by virtue of his attachment, had such an interest, as would give him a right to tender in the names of *Peters* and his wife, it is not necessary to determine, in the present case.

At the time when the plaintiff began his levy, by execution, *Peters* and his wife had only an equity of redemption in the land; but at the time the levy was completed, they had the legal title. Had the plaintiff begun his levy afterwards, and proceeded exactly as he did, his right would be unquestionable. The equity of redemption did not exist, at the time when the land was appraised and set off; it was merged by the release.

But I am of opinion, that a creditor in an execution, is never to be prejudiced, by any change of the debtor's title, between the commencement and completion of the levy; and that whatever title the debtor has, at the time the land is set off on appraisal, may well pass to the creditor. If any mistake happen, from ignorance of the true situation of the title, at the time of the appraisal, relief may be obtained in chancery.

As the title was in *Peters* and his wife, and the execution against *Peters* only, the plaintiff gained a title to the land, as tenant in common with the wife.

But it has been long settled, that one tenant in common, though he declare on his own seisin and possession of the whole, without noticing the right of his fellow commoner, may maintain his action of ejectment, in this form, against a mere disseisor.

I am, therefore, of opinion, that no new trial ought to be granted.

All the other judges concurred in this opinion.

New trial not to be granted.