### STARR *against* LEAVITT.

*Hartford,*
November,
1817.

THIS was an action of ejectment, to recover an undivided part of two pieces of land, bearing such proportion to the whole as 597.01 bears to 5069.94.

The case was as follows. The plaintiff claimed title by virtue of an execution in his favour, against *Simeon Mitchell,* on which the premises were set off. The first piece lay partly in *Roxbury,* and partly in *Washington;* and the second, wholly in *Washington.* They were owned in equal undivided moieties, by the debtor and his brother *David Mitchell,* during the life-time of the latter, as tenants in common, the titles by which they were held being distinct. On the death of *David,* the debtor became entitled, as heir at law, to one seventh part of *David's* interest, in addition to the moiety which he before owned. The debtor's interest in the second piece, however, was subject to the widow *Susannah Mitchell's* right of dower. The execution and cost amounted to 597 dollars, 1 cent. The land in *Washington* was appraised, by one set of appraisers, at 3452 dollars, 94 cents; that in *Roxbury,* subject to the incumbrance of dower, by another set of appraisers, at 1617 dollars; making in the whole 5069 dollars, 94 cents, the undivided half being 2534 dollars, 97 cents. The officer set off the land as follows: "I do, therefore, set off an undivided proportion and interest of the debtor in the above described land and buildings, in the proportion that 597 dollars, 1 cent, is to the aforesaid sum of 2534 dollars, 97 cents; and in the whole of said land before described, in the proportion that 597 dollars, 1 cent, is to the said sum of 5069 dollars, 94 cents; and the same is set off, subject to the aforesaid incumbrance of said widow's dower, to the creditor in said execution, in full satisfaction thereof, and of my fees thereon."

The defendant claimed title, by virtue of two executions against the same *Simeon Mitchell,* issued and levied *before* that of the plaintiff. One execution, with the cost, amounted to 138 dollars, 21 cents; which the officer levied on "the one equal half" of the second piece above mentioned. The certificate of the appraisers was as follows: "We, the subscribers, did appraise the above described undivided land to be worth to the creditor the sum of 138 dollars, 21 cents,

*The creditor of one tenant in common cannot take by execution a part of the land held in common, by metes and bounds, but must spread his execution over the whole, and take such an undivided proportion as will satisfy his debt.*

*Where there are two or more distinct tracts of land, held by the debtor as tenant in common, by distinct titles, the creditor cannot spread his execution over them all, and take a part only of the debtor's right in each, but he must take the whole of the debtor's right in one tract, before he takes any portion of another.*

Starr
*v.*
Leavitt.

in full satisfaction of this execution and costs." The land was set off, by the officer, thus : " I do hereby give the within named *Samuel Leavitt,* creditor, all the right and title to the above described undivided land, that I by law have a right to give, for his own proper use and benefit." The other execution, amounting with the cost, to 435 dollars, 88 cents, was levied upon " the equal half of a piece of land lying in *Washington,* as the property of the execution debtor, and containing 12 acres and 79 rods, lying in common and undivided with the heirs of *David Mitchell,* deceased ;" being part of the second piece before mentioned, designated by metes and bounds, and appraised at the amount of the execution and cost. This land was set off in the same form as the other piece.

This case was reserved, by agreement of parties, for the consideration and advice of the nine Judges.

*Chapman* and *Sherman,* for the plaintiff, contended, 1. That the defendant gained no title under his levy ; because he took a part only of the land held in common by the debtor and his co-tenant, and had this set off by metes and bounds ; and because he did not take the whole of the debtor's interest in the part taken. The debtor's interest was seven twelfths, and one half only was taken. They cited *Johnson* v. *Turner,* in the superior court in *Litchfield* county ; *Hinman* v. *Leavenworth,*(a) in this Court, *June* term 1813 ; and *Porter* v. *Hill,* 9 *Mass. Rep.* 34.

#### (a) HINMAN *against* LEAVENWORTH.

THIS was an action of partition, in which the plaintiff stated, that he was tenant in common with the defendant of thirty acres seventy-five rods of land, in such manner and proportion that the plaintiff was entitled to have and to hold in severalty one third part thereof, and that he had a right to have his said proportion aparted and set out to him, by proper metes and bounds. The defendant pleaded, that he did not hold as tenant in common with the plaintiff, in manner and proportion as in the declaration alleged.

The plaintiff claimed title under the levy of an execution against *Russell Leavenworth.* The facts were these. A tract of land called the *Burton-farm,* had been conveyed, by a deed from one *Burton,* to the defendant and *Russell Leavenworth,* in such proportions of interest, that the former took two third parts, and the latter one third part. The plaintiff having an execution against *Russell Leavenworth,* levied it on one equal and undivided third part of thirty acres and seventy-five rods of lands, being part of the land so conveyed. The court instructed the jury, that the execution was not duly levied so as to convey to

2. That the plaintiff acquired a valid title under his levy, as he took an undivided portion of the whole.

*Benedict* and *Bacon,* for the defendant, insisted, 1. That it was correct to levy upon the lands of the debtor, and set off so much, by metes and bounds, as would satisfy the debt, the nature and quantity of the debtor's interest therein being taken into consideration by the appraisers. The

the plaintiff the interest and title of *Russell Leavenworth* in and to the land. The jury having found a verdict for the defendant, the plaintiff moved for a new trial on the ground of a misdirection ; and the motion was reserved for the consideration and advice of the nine Judges.

*Bacon,* in support of the motion.

*Gould,* contra.

BRAINARD, J. The defendant and *Russell Leavenworth* had a unity of title, though not an equality of interest. The title of each in their several proportions, pervaded the whole ; and whoever undertakes to acquire a title to the interest of either, must take a proportionate interest throughout the whole. Had the plaintiff's demand been sufficient to absorb the whole of *Russell Leavenworth's* third in the farm, the whole of his interest would have been taken and conveyed. Had it been sufficient to cover only half of his third, the levy should have been made accordingly ; and the half of his third throughout the whole, and that only, would have been taken and transferred.

In this case, the levy ought to have been made upon such proportion of *Russell Leavenworth's* third in the whole as the amount of the execution bore to the value of his third throughout the whole. This would have left him tenant in common with the plaintiff and the defendant throughout the farm.

A different mode would put it in the power of a levying creditor, virtually, to make partition for himself—to carve his portion to suit his pleasure.

It was contended, that the plaintiff took and could hold some proportion of the land levied upon ; if not a third, yet as much as he could have held, had the levy extended equally over the whole, and a sufficiency of *Russell Leavenworth's* third throughout the whole been taken to satisfy the execution. But in this, it appears to me, there are two difficulties. In the first place, there is no standard given to measure by—no *data* to start from. In the second place, if the plaintiff does not hold in the full proportion stated, *Russell Leavenworth* becomes immediately a party in interest, and ought to be made a party to the suit.

I am, therefore, of opinion, that the charge was correct.

EDMOND, J. was of opinion, that the plaintiff was not entitled to a verdict and judgment in his favour, because he had not made *Russell Leavenworth* a party to the suit.

The other Judges concurred, fully, in the opinion given by Judge *Brainard.*

New trial not granted.

*Hartford,*
November,
1817.

Starr
*v.*
Leavitt.

statute(*a*) contemplates a levy upon *lands,* not upon *rights,* or *proportions of interest.* The appraisers are sworn to appraise *lands.*(*b*)  In *England,* an *elegit* must be extended by metes and bounds.  *Pullen* v. *Birkbeak, Carth.* 453. Count de *Stamford* v. *Nedham,* 1 *Lev.* 160.  *Anon.* 1 *Vent.* 259.  *Sparrow* v. *Mattersock & al. Cro. Car.* 319.  *Den* v. Lord *Abingdon, Doug.* 475, 6.

2. That admitting the defendant's levy to be defective, on the ground that he did not take the whole of the debtor's interest, the plaintiff's levy is subject to the same infirmity ; and, of course, he cannot recover.

SWIFT, Ch. J.  The plaintiff and defendant both claim the land demanded, by the levy of executions upon it, as the estate of *Simeon Mitchell ;* and questions arise respecting their validity.

The defendant has levied upon part of a piece of land, which *Simeon* owned as tenant in common with the heirs of *David Mitchell ;* the same has been set off to him by metes and bounds ; and he has taken the undivided moiety or right of *Simeon* to the part of the tract so described.  This levy is void, according to the principles adopted by this Court, in the case of *Hinman* v. *Leavenworth.*  *Simeon* had no such estate as an undivided moiety or share in a part of the tract he owned as tenant in common : he had an undivided share in the whole tract ; and the proper mode of levying the execution would have been, to spread it over the whole tract holden by *Simeon* as tenant in common, and to take such an undivided proportion, as would satisfy his debt. If the debt had been sufficient to take the whole share of *Simeon,* then the levying creditor would have been tenant in common with his co-tenant : if not, then he would have been tenant in common with the others in unequal shares, and a partition of the whole would have been made.  But upon the present levy, partition must be made of part of the common right of *Simeon* with the other tenants ; which cannot by law be done.

The plaintiff adopted the proper mode of levying his execution, but he has spread it over two distinct tracts of land holden by *Simeon,* as tenant in common with the heirs of

(*a*) *Tit.* 63. *c.* 1. *s.* 6, 7.                  (*b*) *Tit.* 122. *c.* 1. *s.* 27.

*David,* by distinct titles, and has taken an undivided share of *Simeon,* in both pieces ; but has not taken the whole of *Simeon's* right in either piece. He should have taken the whole of *Simeon's* right, in the tract on which he first levied, and then, if that had been insufficient to satisfy his execution, he might have levied on the other tract, and have taken sufficient to pay his debt. If the mode adopted by the plaintiff should be sanctioned, it would be in the power of a creditor to levy an execution upon any number of separate tracts of land, holden by a debtor as tenant in common, by distinct titles, and with different co-tenants, and take an undivided share of each, so as to become tenant in common with them all. This would be productive of great and unnecessary expense, and might embarrass the title as well as the occupation of the lands, and ought not to be permitted.

I am of opinion that the plaintiff is not entitled to recover.

In this opinion the other Judges severally concurred, except EDMOND and GOULD, Js., who gave no opinion, the former being related to one of the parties, and the latter having been of counsel in the cause.

Judgment to be given for the defendant.