NEW HAVEN TROLLEY AND BUS EMPLOYEES CREDIT UNION *v.* JOHN W. HILL

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 13—decided May 27, 1958

*Joseph R. Apter,* with whom, on the brief, was *Nelson Harris,* for the appellant (defendant).

*Milton A. Bernblum,* with whom, on the brief, were *Annette E. P. Gold* and *Marvin C. Gold,* for the appellee (plaintiff).

KING, J.  The plaintiff attached the interest of the defendant in certain real estate which he and his wife owned in cotenancy with the right of survivorship.  The plaintiff recovered a money judgment against the defendant on April 16, 1956, and on May 8, 1956, filed a proper judgment lien under General Statutes § 7225.  The lien, under the terms of that statute, related back to the date of the attachment.

The plaintiff instituted this action for the foreclosure of the judgment lien, and the court rendered judgment of foreclosure, finding the debt to be

$872.36 and fixing the law day as September 30, 1957. It was agreed that the fair value of the defendant's individual equity of redemption was $2500, and that the redemption date as fixed was reasonable.

The defendant, in a special defense, pleaded that "[a]n undivided one half interest in survivorship cannot be severed nor can possession be given the plaintiff upon a foreclosure." The sole question involved in this appeal is the legal efficacy of the special defense.

Since the answer itself does not designate the type of cotenancy, it would be presumed, under our law, to refer to a tenancy in common and not a joint tenancy. *Allen* v. *Almy,* 87 Conn. 517, 525, 89 A. 205. At common law, a conveyance to husband and wife, without more, created a tenancy by the entirety, but we early refused to recognize such an estate. *Whittlesey* v. *Fuller,* 11 Conn. 337, 341. Under our law the legal effect of such a conveyance is as though the grantees were unrelated. Ibid.; *New York, N.H. & H.R. Co.* v. *Russell,* 83 Conn. 581, 591, 78 A. 324. Even when a joint tenancy is created by express language, there is no implied right of survivorship inherent in it. *Whittlesey* v. *Fuller,* supra, 340; *State Bank & Trust Co.* v. *Nolan,* 103 Conn. 308, 317, 130 A. 483; *Hughes* v. *Fairfield Lumber & Supply Co.,* 143 Conn. 427, 430, 123 A.2d 195. But a right of survivorship may be created by appropriate language employed in either a deed or a will. Id., 430 (deed); *Peyton* v. *Wehrhane,* 125 Conn. 420, 436, 6 A.2d 313 (will). However, where this is done, the right of survivorship is not an implied incident of the estate created but arises by virtue of the language employed in the instrument providing for survivorship. *Hughes* v. *Fairfield Lumber & Supply Co.,* supra, 431.

The finding states that the property was owned by the defendant and his wife "jointly . . . with the right of survivorship." Whether this language, alone, was adequate to create a joint tenancy as distinguished from a tenancy in common is a matter we need not determine. See *Peyton* v. *Wehrhane*, supra, 436. It is obvious from the briefs and oral arguments that both parties considered the interest of the defendant as that of a joint tenant with right of survivorship, and we treat the case as presented to the court below. *Anselmo* v. *Cox*, 135 Conn. 78, 79, 60 A.2d 767.

It is the general rule that the interest of a joint tenant may be taken on execution. 14 Am. Jur. 169, § 108. That is our law. *Remmington* v. *Cady*, 10 Conn. 44, 47; *Buddington* v. *Stewart*, 14 Conn. 404, 408; *Peyton* v. *Wehrhane*, supra, 436. The execution levy, at least upon the sale, operates as an involuntary conveyance by the joint tenant against whom the execution runs. See *Remmington* v. *Cady*, supra, 49. This in turn causes a severance of his undivided interest, and a consequent destruction of the joint tenancy, which can exist only so long as there is a unity of (1) interest, (2) title, (3) time and (4) possession. 14 Am. Jur. 81, § 7; *Houghton* v. *Brantingham*, 86 Conn. 630, 637, 86 A. 664. A tenancy in common, on the other hand, requires only a unity of possession. 14 Am. Jur. 87, § 16; *Griswold* v. *Johnson*, 5 Conn. 363, 365. After the termination of the joint tenancy by the severance, the execution creditor, or the purchaser at the execution sale, becomes a tenant in common as regards the remaining tenants. 14 Am. Jur. 86, § 14; *Peyton* v. *Wehrhane*, supra. Among the incidents of a joint tenancy which fall with its termination is the right of survivorship in jurisdictions where that right is

an incident of an estate in joint tenancy, as such.

The defendant claims that in Connecticut the interest of a joint tenant, if the language of the granting instrument provides for the right of survivorship, cannot be attached or taken on execution. This result is said to flow from a claimed impossibility of appraising the value of such an interest because of its possible extinguishment upon the death of the joint tenant at an unascertainable future time.

It is the fundamental policy of our law, and always has been, that all the property of a person, unless by law exempt, shall be liable for the payment of any money judgment rendered against him. *Remmington* v. *Cady,* 10 Conn. 44, 47; *Murphy* v. *Dantowitz,* 142 Conn. 320, 327, 114 A.2d 194; Cum. Sup. 1955, § 3194d. It would be strange indeed if in Connecticut, where joint tenancies are not presumed and where they do not, in and of themselves, have the incident of survivorship, the simple expedient of an express provision for survivorship could confer a complete exemption of the interest of each joint tenant, however valuable, from attachment or execution for the satisfaction of his individual debts. We reject such a rule, and hold that where, by express terms in the granting instrument, a joint tenancy is created together with the right of survivorship, the estate thus created is no less subject to attachment and execution than an ordinary common-law joint tenancy with an incidental or implied right of survivorship. Such an estate is subject to destruction by the severance resulting from the levy of a proper execution. *Hughes* v. *Fairfield Lumber & Supply Co.,* 143 Conn. 427, 431, 123 A.2d 195; see General Statutes § 7095.

It is true that the attachment itself does not operate as a severance. It was for this reason that

we held that in a cotenancy with right of survivorship the death of a cotenant, after an attachment of his interest but before judgment, extinguished his interest and thus the "estate" held by the attachment under § 3194d of the 1955 Cumulative Supplement. *Hughes* v. *Fairfield Lumber & Supply Co.,* supra, 430. Here, both the defendant and the sole other joint tenant, his wife, are still alive. Therefore it is unnecessary for us to determine at exactly what stage of the proceedings the severance occurred. It certainly took place, subject to being vacated by the exercise of the right of redemption, not later than the rendition of the judgment of foreclosure of the lien. That is as far as we are required to go by the facts of this case.

Of course, there is no special problem in the attachment of, or the levy of execution upon, the interest of a tenant in common without right of survivorship, either in its evaluation or in any other respect. *Starr* v. *Leavitt,* 2 Conn. 243, 246; *Remmington* v. *Cady,* 10 Conn. 44, 49. That was the interest involved in the case at bar from the moment the severance took place. *Smith* v. *Starkweather,* 5 Day 207, 210; 14 Am. Jur. 86, § 14.

The defendant places great reliance on the case of *Smith* v. *Gilbert,* 71 Conn. 149, 41 A. 284. That case involved a suit against a nonresident and jurisdiction existed only if, and to the extent that, property of the defendant located within this state could be appropriated to the satisfaction of any judgment which might be rendered against him. Id., 153. The court held that a contingent remainder in the defendant son in real property the life use of which had been devised to his mother was not subject to attachment because his interest was "not one the true value of which can, under present circumstances, be

ascertained . . . with reasonable precision." Id., 156. The facts of that case amply distinguish it from the situation here, where, upon severance, the survivorship provision was destroyed.

As the law day fixed in the judgment has passed during the pendency of this appeal, it will be necessary for the Court of Common Pleas to modify the judgment by fixing a new law day. *Swift & Upson Lumber Co.* v. *W. L. Hatch Co.,* 115 Conn. 494, 498, 162 A. 19; see Practice Book § 205.

There is no error; the cause must be remanded with direction to modify the judgment by fixing a new law day.

In this opinion the other judges concurred.