IRVIN L. YOUNG FOUNDATION, INC.

v.

**Evelyn C. DAMRELL, Personal Representative of the Estate of Frank K. Damrell and Evelyn C. Damrell.**

Supreme Judicial Court of Maine.

Argued May 7, 1986.

Decided July 10, 1986.

David Smart, Steven Mau (orally), Portsmouth, N.H., John A. Macoul, Salem, N.H., Herbert L. Schultz, Lawrence, for plaintiff.

Soule & Soule, William W. Logan (orally), Wiscasset, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The United States District Court for the District of Maine (District Court) has certified to this court the following question of law pursuant to 4 M.R.S.A. § 57 (Supp. 1985–1986) and Rule 76B of the Maine Rules of Civil Procedure:

> Does plaintiff's *ex parte* attachment of Maine real estate, which real estate was held in joint tenancy by the intervenor and the original defendant Frank K. Damrell at the time of the issuance of the order of attachment, continue to encumber that property notwithstanding the fact that the debtor-tenant, Frank K. Damrell, died after the attachment but prior to judgment in this action?

We answer the question in the negative.

The District Court has provided a statement of facts relevant to the present controversy. Those facts may be summarized as follows: On February 1, 1980, the plaintiff, Irvin L. Young Foundation, Inc., obtained a default judgment against the original defendant, Frank K. Damrell, in a Massachusetts state court in the amount of $148,511.19. On November 12, 1982, the plaintiff filed a diversity action in the federal court against Frank Damrell to enforce the Massachusetts judgment. At that time, the court granted an *ex parte* attachment in the amount of $150,000 on a parcel of property situated in the town of Southport. Frank Damrell and his wife, Evelyn Damrell, held title to the property as joint tenants, having acquired it on August 1, 1953. On August 30, 1983, Frank Damrell died. He was survived by his wife. On January 7, 1985, Evelyn Damrell moved to intervene as a defendant, seeking a discharge of the attachment on the ground that as a result of her husband's death, she held exclusive title to the proper-

ty. Before her motion was granted, the District Court, on May 7, 1985, entered judgment for the plaintiff and against the defendant, Estate of Frank K. Damrell, in the amount of $148,533.49, with interest, 607 F.Supp. 705. Execution on the attachment was stayed on August 9, 1985, when Evelyn Damrell's motion to intervene was granted.

 The precise issue before us is whether the attachment survives the death of the debtor joint tenant. The general rule is that the lien created by an attachment, like a lien created by a judgment, attaches only to the interest of the debtor joint tenant. When that tenant dies, the lien terminates; it does not continue to encumber the real estate the whole of which becomes vested in the surviving joint tenant. Thus, the surviving tenant becomes the sole owner of the property free of any liens that may have existed on the extinguished interest of the deceased. *See Hughes v. Fairfield Lumber and Supply Co.*, 143 Conn. 427, 123 A.2d 195, 197 (1956) (attachment lien); *Frederick v. Shorman*, 259 Iowa 1050, 147 N.W.2d 478, 484 (1966); *Knibb v. Security Ins. Co. of New Haven*, 121 R.I. 406, 399 A.2d 1214, 1217 (1979) (levy of execution). *See generally* 4A R. Powell, *The Law of Real Property* § 618, at 697 (1979); 4 G. Thompson, *Real Property* § 1779, at 26 and § 1780, at 32 (1979); Annot. 111 A.L.R. 171 (1937).

This rule derives from the theory that the "right of survivorship" interest of a joint tenant is an estate in land which vests on creation of the joint tenancy, making a joint tenancy interest with right of survivorship analogous to a life estate. Thus, the surviving joint tenant of real property does not take any new or additional interest by virtue of the death of his joint tenant under the laws of descent and distribution, but rather under the original conveyance by which the joint tenancy was created, his interest in the property is merely freed from the participation of the other. It therefore follows that because the death of a joint tenant does not result in a transfer of that tenant's interest to the survivor, but merely terminates any interest the decedent may have had, any liens existing against the deceased joint tenant's interest are likewise extinguished, and the survivor becomes the sole owner of the entire property free from any liens which may have previously existed on the now extinguished interest of the joint tenant debtor.

*Park State Bank v. McLean*, Colo.App., 660 P.2d 13, 15–16 (1982) (citations omitted) (judgment lien).

██ The nature of a joint tenancy requires that we reject the plaintiff's argument that the debtor-joint tenant's interest in the property must continue after his death in order to protect the creditor's interest in the property. "The right of survivorship ... does not pass anything from the deceased joint tenant to the surviving joint tenant. By the very nature of joint tenancy, the title of the first joint tenant who dies terminates with his death and ... the estate of the survivor continues as before." *Strout v. Burgess*, 144 Me. 263, 279, 68 A.2d 241, 252 (1949) (citations omitted). Accordingly, the law regarding joint tenancy dictates that the debtor's interest in the property terminates upon his death. Since the debtor's interest is extinguished on his death, there is no surviving interest to which the real estate attachment can adhere.

In conclusion, we answer the certified question as follows:

No; the plaintiff's *ex parte* attachment of Maine real estate does not continue to encumber the property.

The Clerk will transmit these instructions to the District Court of the United States, District of Maine.

All concurring.