[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE
Gerald Guilbeault, as administrator of the estate of Anita Guilbeault (hereinafter "decedent") filed a three-count complaint on July 28, 1988. Guilbeault alleges in his complaint that his decedent purchased a piece of property with the defendant St. Amand on November 14, 1986, as joint tenants with the right of survivorship. Guilbeault sought a partition by sale of this property alleging that the proceeds are needed to satisfy CT Page 7955-GG the debts of the decedent's estate.[1] Also named as defendants are the Glastonbury Bank and Trust Company, which holds a mortgage on the property, and Westchester Hills Condominium Association, Inc., which claims an interest in the said property by virtue of a statutory lien on the property for common charges.
Guilbeault further alleges in his complaint that the decedent and St. Amand terminated the joint tenancy, thereby creating a tenancy in common by agreement or by their course of conduct. Guilbeault further alleges that St. Amand is estopped from asserting that he held the property with the decedent at the time of her death as joint tenants because he filed a partition action, alleging a tenancy in common and seeking a judicial partition of the land. Guilbeault further argues that the decedent did not file her own action for partition before her death because she relied on St. Amand's assertion that they held the property as tenants in common, and upon his action for partition of the property.
The action was submitted to Eugene Cushman, Esquire, an attorney trial referee (ATR) pursuant to the provisions of Practice Book Section 428, et seq., General Statutes 52-434, who, after a CT Page 7955-HH trial, issued a written report and findings of fact on January 27, 1992. Guilbeault filed a motion for acceptance of the report and judgment in accordance with the ATR's report on January 28, 1992. St. Amand filed a motion to correct the ATR's report, and the ATR issued corrected findings of fact. The ATR made the following relevant findings of fact, as corrected.
 1. "`St. Amand and the decedent took title to Unit 6-C, Westchester Hills, Colchester, Connecticut, as joint tenants with rights of survivorship on November 14, 1986.
 2. When St. Amand and the decedent purchased said unit, they gave Glastonbury Bank and Trust Co., mortgage in the sum of $58,500 on said unit.
 3. The money for the balance of the purchase price and the closing costs were provided by the decedent.
 4. St. Amand and the decedent lived in the unit together until June of 1987, at which time St. Amand moved out of the unit.
CT Page 7955-II
 5. The parties shared equally the monthly mortgage and property tax payments until June 1987.
 6. After St. Amand moved out of the unit, the parties commenced negotiations to resolve their respective rights and interests in the unit.
 7. Each party engaged the services of an attorney to represent his or her interest in this regard.
 8. On September 27, 1988, St. Amand commenced a civil action in the Judicial District of Hartford/New Britain, return dated 10/25/88, wherein he alleges that he and the decedent were tenants in common.
 9. On January 3, 1989, the decedent died unexpectedly in an automobile accident.
 10. Gerald P. Guilbeault was appointed Administrator of her estate on February 22, 1989.
CT Page 7955-JJ
 11. From June of 1987 until July of 1988, the decedent paid all expenses for the property and St. Amand paid nothing. St. Amand has made payment towards common expenses from January 1989 until the present. Some portion of those payments were for common charges and taxes which were past due in January 1989.
 12. Between June of 1987 and January 3, 1989 the parties mutually treated their respective interests in the property as belonging to them in common.
 13. That the mutual conduct of the parties severed the joint tenancy and that they mutually treated the property as tenants in common.
 14. St. Amand and the decedent were jointly and severally liable on the promissory note secured by a mortgage on unit C, Westchester Hills, Colchester, Connecticut, to Glastonbury Bank and Trust Company.
CT Page 7955-KK
 15. Exhibits 1 through 8 were admitted into evidence for the limited purpose of demonstrating that the parties retained counsel and commenced negotiations to resolve their respective rights and interest in the unit.
St. Amand filed a motion to dismiss the action on June 16, 1992 on the ground that the court did not have subject matter jurisdiction to hear the action because the administrator of the decedent's estate had no interest in the premises and had no standing.
An amended motion to substitute parties was filed on July 20, 1992 wherein Gisel Farrel and Halton Guilbeault (hereinafter "plaintiffs") requested that they, as the heirs of Anita Guilbeault and the real parties in interest to the instant action, be substituted as the plaintiffs in the action. This motion was granted by the court, Leuba, J., on August 24, 1992, which laid the standing issue to rest.
In his accompanying memorandum of decision, the ATR stated CT Page 7955-LL that "the parties clearly demonstrated their intentions that the joint tenancy should be severed," and cited several actions taken by the decedent and St. Amand in support of this conclusion.
The present matter before the court is an objection to the acceptance of the ATR's report in which St. Amand asserts that the ATR erred: 1) in his factual conclusion that not be properly reached on the basis of the subordinate facts found; 2) in his factual conclusion that the mutual conduct of the parties severed the joint tenancy and that they mutually treated the property as tenants in common because it could not properly be reached on the basis of the subordinate facts found; 3) in refusing to grant St. Amand's motion for dismissal for the plaintiff's failure to make out a prima facie case; and 4) in making certain evidentiary rulings. Exceptions made by the defendant to the ATR's report were previously overruled.
An attorney trial referee is a fact finder whose determination of the facts is reviewable prior to the entering of judgment by the court. Seal Audio, Inc. v. Bozak, Inc., 199 Conn. 496, 502 (1986). The Practice Book provisions related to committees, Practice CT Page 7955-MM Book 428 to 435, are also applicable to attorney referees. Id., 502-503. Practice Book 434 provides that an attorney referee "is obliged to report to the court the facts found and the conclusions drawn therefrom but the report may be supplemented with a memorandum of decision including such matters as the committee may deem helpful in the decision of the case. . . ."
If a party takes issue with the ATR's findings of fact, he may file a motion to correct pursuant to Practice Book 438. If the ATR fails to correct a report of finding in compliance with a motion to correct, the moving party may file exceptions seeking corrections by the court. Practice Book 440. A court is bound by any facts found by the ATR not corrected. Dills v. Enfield,210 Conn. 705, 713 (1989). However, the court is not bound by the ATR's conclusions of law. Id., 713.
The function of the court is to "render such judgment as the law requires upon the facts in the report as it may be corrected." Practice Book 443. If the court finds that the ATR "has materially erred in his rulings or that by reason of material corrections in his findings the basis of the report is subverted or that there are CT Page 7955-NN other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another committee for a new trial or revoke the reference and leave the case to be disposed of in court." Practice Book 443.
Connecticut recognizes joint tenancies with the right of survivorship if expressly stated in the instrument of conveyance. General Statutes 47-14a. Under the common law, a joint tenancy could exist only so long as there is a unity of (1) interest, (2) title, (3) time and (4) possession. New Haven Trolley Bus Employees Credit Union v. Hill, 145 Conn. 332, 335 (1958). "The basic idea inherent in a common law joint tenancy in fee is a unity of interest of the parties in the estate." Comment, "Survivorship Deeds and Joint Tenancy in Connecticut" 30 CBJ 70, 76 (1957). "This is the underlying principle behind the rather technical requirement of the four unities (time, title, interest and possession)." Id.
Certain actions taken by one of the joint tenants or the joint tenants collectively will sever the joint tenancy. At common law "[a] destruction of the community interest of the joint tenants severs the estate and turns it into a tenancy in common. At common CT Page 7955-OO law a severance of any one of the four unities would end the joint tenancy. So a conveyance by one tenant would sever the estate and make the new party a tenant in common with the other joint tenants. With the severance of the estate, the right of survivorship also would sever the estate and make the new parties tenants in common." Id., see also New Haven Trolley, supra, 335; 14 Am. Jur. 87, 16. At common law a joint tenancy, along with the right of survivorship, was severed by: a lease; a release or conveyance; a mortgage; a judgment against one joint tenant levied and executed against the land; and a partition action. Id., 76-77.
The Connecticut Legislature has prescribed specific ways in which a joint tenancy is severed, and in doing so has modified the common law. General Statutes 47-14e provides that lease or mortgage by one joint tenant will not sever the joint tenancy. General Statutes 47-14c provides that a conveyance by less than all the joint tenants will sever the joint tenancy, as to the interest so conveyed. General Statutes 47-14g provides that the divorce or dissolution of marriage of husband and wife who are joint tenants, with the right of survivorship, unless otherwise stated in the CT Page 7955-PP divorce decree or decree of dissolution, will sever their interests and convert such interests into tenants in common as to each other, but not as to third parties in certain circumstances. Such a severance becomes effective as to third parties when a certified copy of the decree has been filed on the land records. General Statutes 47-14g.
The ATR recommended that judgment enter for the plaintiffs and that a finding be made that the mutual conduct of the parties severed the joint tenancy and that the premises be partitioned according to the parties' rights as tenants in common, and that a sale be held and that the net proceeds be divided equally.
The appellate courts of this state have yet to address the issue whether the mutual conduct of the parties, without destroying one of the four unities, severs a joint tenancy with the right of survivorship. However, Judge Turnick, in Terwilliger v. Terwilliger,29 Conn. Sup. 465 (Super. Ct 1965) stated that "[a] joint tenancy may be terminated by mutual agreement or by any conduct or course of dealing sufficient to indicate that all parties have mutually treated their interests as belonging to them in common. Id., CT Page 7955-QQ 470, citing Duncan v. Suhy, 378 Ill. 104, 109; O'Connor v. Dickerson,188 So.2d 241, 245 (Miss.); 2 Tiffany, Real Property 425 (3d Ed. Cum. Sup.).
The Supreme Court of Colorado, in Mann v. Bradley, 535 P.2d 213
(Colo. 1975), upheld a lower court's decision which held that the intent of two joint tenants, as shown in a property settlement agreement, evinced the parties' intent to no longer hold their property as joint tenants. The provisions of the property settlement agreement provided for the ultimate sale of the property and the division of the proceeds. Id., 215. The court stated that "[t]he modern tendency is to not require that the act of the cotenant be destructive of one of the essential four unities of time, title, possession or interests before a joint tenancy is terminated." Id., 214. "The joint tenancy may be terminated by mutual agreement . . . where the parties treated their interests as tenants in common." Id., 215, citing MacDonald v. Morley, 15 Cal.2d 409,101 P.2d 690 (1940). Other courts have held that an agreement between joint tenants to hold their property as a tenancy in common may be inferred from the manner in which the parties deal with the property. See Thomas v. Johnson, 12 Ill. App.3d 302, CT Page 7955-RR297 N.E.2d 712 (1973); Maimalis v. Burnovas, 112 N.H. 423,297 A.2d 660 (1972); Wardlow v. Pozzi, 170 Cal.App.2d 208,338 P.2d 564 (1959). See generally, 48a C.J.S. Joint Tenancy 18; Tiffany on Real Property [3d Ed.] Vol. 2, 425.
The defendant essentially argues that the ATR's conclusion was incorrect because a joint tenancy may only be severed in one of the ways provided by the statutory scheme. General Statutes 14a-k, inclusive. The court disagrees.
 "Interpreting a statute to impair an existing interest or to change radically existing law is appropriate only if the language plainly and ambiguously reflects such an intent. [W]hen a statute is in derogation of common law or creates a liability where formerly none existed, it should receive a strict instruction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of [statutory] construction. In determining whether or not a statute abrogates or modifies a common law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. CT Page 7955-SS Although the legislature may eliminate a common law right by statute, the presumption that the legislature does not have such a purpose can be overcome only if the legislative intent is clearly and plainly expressed. We recognize only those alterations of the common law that are clearly expressed in the language of the statute because the traditional principles of justice upon which the common law is founded should be perpetuated. The rule that statutes in derogation of the common law are strictly construed can be seen to serve the same policy of continuity and stability in the legal system as the doctrine of stare decisis in relation to case law."
Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 289-290 (1993) (internal citations and quotation marks omitted).
A reading of the statutory scheme in reliance on these principles reveals no clear statement by the legislature that the methods of severance contained in General Statutes 47-14c, 47-14d,47-14e, 47-14f, 47-14g and 47-14i are exclusive. Nor is there any clear expression by the legislature that the common law methods of severance were abolished. Cf. E. Stephenson, Survivorship CT Page 7955-TT Deeds Under the Statute, 34 Conn. B.J. 15 (1960). See also Liscio v. Liscio, 204 Conn. 502 (1987) (which recognized common law authority that survivorship interests are destructible by the voluntary act of both joint tenants).
In this case, the decedent could have relied on the partition action brought by the defendant and his claim in his complaint that the parties were tenants in common. Also, a partition action is an equitable action and may not be defeated by the death of the decedent.
As pointed out by the court in Terwilliger, supra, 469, in referring to the law of survival of actions, General Statutes 52-599, "Thus, survival of action is the rule and not the exception, and the presumption is that every cause or right of action survives until the contrary is made to appear."
The ATR stated in his memorandum of decision that the following actions of St. Amand demonstrated his intention to sever the joint tenancy with the right of survivorship: 1) he moved out of the condo; 2) he ceased financial contribution for the condo CT Page 7955-UU while the decedent lived there; 3) he retained counsel to terminate his interest in the condo; and 4) he commenced legal proceedings wherein he alleged the parties held title as tenants in common.
The ATR stated that the following actions of the decedent demonstrated her intention that the joint tenancy with the right of survivorship be severed: 1) she retained counsel; 2) she engaged in negotiations with St. Amand; and 3) she paid all expenses related to the condo unit.
The subordinate facts found by the ATR, recited above, support his conclusion that the conduct of the parties voluntarily evidenced their intention to sever the joint tenancy with the right of survivorship and hold their property as tenants in common. The court agrees therefore, with the ATR that we should continue to recognize the common law rule that joint tenants may, by agreement or other conduct, sever the joint tenancy. Indeed, under the circumstances of this case, it would have been unjust and inequitable to hold otherwise, as doing so would create a windfall for the defendant and a forfeiture for the decedent's heirs. Moreover, CT Page 7955-VV under the circumstances, it is also clear that the defendant is estopped from denying that the parties held title as tenants in common.
St. Amand also argues that the ATR erred in making several evidentiary rulings. Specifically, St. Amand argues that the ATR erred in admitting evidence regarding settlement negotiations between the parties. The ATR, in his corrected findings of fact number 6, stated that he let the evidence in for the "limited purpose of demonstrating that the parties retained counsel and commenced negotiations to resolve their respective rights and interests."
The ATR did not err in admitting this evidence as it was within the ATR's discretion to allow it only for the purpose to show that there were ongoing negotiations and not to prove the terms of any compromise or settlement offer as an admission of liability.
St. Amand also argues that the ATR erred in his ruling admitting the testimony of Grady, the decedent's former attorney, regarding who paid the down payment at the closing when the decedent and defendant took title. St. Amand argues that this evidence CT Page 7955-WW is irrelevant because the nature of the parties' interest in the land was merged into the deed which states that the parties hold title to the land as joint tenants with a right of survivorship. The ATR stated in his corrected finding of fact number 7 that he did not recall that St. Amand objected to the introduction of this evidence at the hearing.
A review of the transcript of Grady's testimony reveals that St. Amand's attorney did object to the admission of this testimony. At the hearing, the plaintiff's attorney argued that the evidence was relevant to the decedent's state of mind regarding St. Amand's partition action. The ATR allowed the testimony.
In any event, the ATR did not err in this ruling because the state of mind of the decedent was at issue regarding her intent to sever the joint tenancy. Furthermore, it is evident that even if the ATR abused his discretion in admitting it, the testimony was not material and had no effect on the outcome of the case.
Accordingly, the defendant's claims fail, his objection to the acceptance of the report is overruled and judgment is entered on CT Page 7955-XX the report for the plaintiffs.
The case shall be scheduled for a hearing on the short calendar to determine the terms and conditions under which a sale of the premises shall be held.