[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 9, 1992, a monetary judgment was entered in favor CT Page 6088 of plaintiff General Electric Capital Corp. against defendant Bardwell Jones. Thereafter, General Electric obtained a bank execution and garnished a joint bank account seeking satisfaction of the judgment. The defendant filed a motion for an exemption under General Statutes § 52-352b(r) and has contested the amount subject to execution. The Court held a hearing on the matter at which time the court received evidence from the defendant and plaintiff failed to appear. The Court finds that under §52-352b(r), the defendant is entitled to an exemption from execution on any of his funds in this account up to $1,000.
The court also makes the following factual findings. The total amount in the bank account that was garnished at the time of the execution was $3,907. The account is a joint account between the defendant and his wife, Mrs. Jones. The last deposit made into the account before the garnishment was made by Mrs. Jones in the amount of $4,150. This $4,150 belonged solely to Mrs. Jones and was not Mr. Jones's money. Prior to this deposit, the account had a $272 balance. At the hearing, Mr. Jones was unable to verify to whom the amount of $272 belonged.
The issue presented by the defendant's objection to the garnishment is whether the plaintiff, as a judgment creditor, can seize all the funds in the joint bank account regardless of who deposited the funds and actually owns the money.
There is no Connecticut statutory or appellate authority directly on point. Under General Statutes § 36a-290(a), when a deposit account is established in the names of two or more natural persons "and under such terms as to be paid to any one of them, or to the survivor or survivors of them, such account is deemed a joint account, and any part or all of the balance of such account, including any and all subsequent deposits or additions made thereto, may be paid to any of such persons during the lifetime of all of them . . . ." Several Superior Courts have relied on this statute to conclude that since each party may withdraw all the funds as a co-owner, and thus hold himself out to the world as an owner of the account, a judgment creditor of one joint owner may execute upon the entire account. People's Bank v. Atwood, Superior Court, Judicial District of Tolland at Rockville, Docket No. 44664 (April 8, 1993, Klaczak, J.); Cruz v. Waterbury Hospital, Superior Court, Judicial District of Waterbury, Docket No. 104498 (Nov. 15, 1995, Pellagrino, J.); The Cadle Co. v. Carillo, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 504043 (May 22, 1996, Sheldon, J., 2 Conn. Ops. 663). CT Page 6089
The Court in The Cadle Co. reached this conclusion by relying on Masotti v. Bristol Savings Bank, 232 Conn. 172, 653 A.2d 179
(1995). The Supreme Court in Masotti held that a bank could exercise its right of set off against funds held in joint accounts for which the signatories were the bank's debtor and the debtor's spouse. In Masotti, however, one of the depositors was in default on a loan for which he signed a guaranty agreement that gave the bank the set off right. Furthermore, the trial court's decision, which was adopted by the Supreme Court, noted that the spouse-nondebtor was attempting to assert rights under this contract, but was unwilling to acknowledge the bank's rights under the same agreement. Masotti v. Bristol Savings Bank, 43 Conn. Sup. 360, 363
(1994).
As reflected by the Masotti decision, a bank's set off right is somewhat unique because it is a common law right, regulated by statute, which emanates from the consensual relationship or agreements between the bank and its depositors. See C.G.S. §§36a-290(a), 42a-4-303; Normand Josef Enterprises, Inc. v. CNB,230 Conn. 486, 494 (1994); Southington Savings Bank v. Rodgers,40 Conn. App. 23, 29 (1995).
The differences between a bank's set off rights and a judgment creditor's execution rights are so significant that the holding of Masotti that a bank may exercise a set off against all funds in a joint account regardless of actual ownership, is not controlling to the issue presented here. A judgment creditor's post-judgment remedies are primarily governed by statute, not by common law, and they are coercive, not consensual. An execution arises from a relationship between the debtor and the creditor, but that relationship is specific to the individual debtor. An innocent, joint account holder has not made any agreement with the judgment creditor, either implicitly or explicitly, that this creditor may take her money from a joint account to satisfy a debt of the other account owner.
Although a joint tenancy allows either owner to withdraw all the funds from the account without restriction, this fact alone does not mean that a creditor of one owner may have unfettered access to the entire account. A co-owner's right to have access to the funds in a joint account is essentially based on an agreement between the co-owners themselves. There is no clear or persuasive reason why their agreement should inure to the benefit of third parties who are strangers to their relationship. Indeed, the CT Page 6090 general rule, at least as to joint tenancies in real property, is that an execution upon the interests of one to co-tenant in real property operates to sever the joint tenancy and create a tenancy in common between the new holder and the other tenant. The creditor is not entitled to the entire property to the exclusion of the interests of the innocent co-tenant. New Haven Trolley BusEmp. Credit Union v. Hill, 145 Conn. 332, 335, 142 A.2d 730 (1958).
The majority of the cases from other jurisdictions considering this issue hold that joint bank accounts can be garnished only to the extent of the debtor's equitable ownership of the funds. See Annot., 11 A.L.R.3d 1465 (1967); Viggiano v. Viggiano,523 N.Y.S.2d 874, 875 (A.D. 2 Dept. 1988). Some courts base their holding on a view that a joint bank account is like a joint tenancy in property, the nature of the interest is an undivided one-half interest in the funds which the other cannot destroy. UnitedStates v. Third Nat. Bank Trust Co., 111 F. Sup. 152 (D.C. Pa. 1953);O'Hair v. O'Hair, 494 P.2d 765, 770-72, 16 Ariz. App. 565
(1972). When a joint tenancy is severed, there is a rebuttable presumption of equal ownership founded on a theory of donative intent. Walnut Valley State Bank v. Stovall, 574 P.2d 1382, 1385
(Kan. 1978). Other courts look to equity to bar a creditor's claims to an account where the debtor has no interest in the account. Nieman v. First National Bank of Joplin, 420 S.W.2d 20,23 (Mo. 1967). Many courts that take this view also hold that "there is a rebuttable presumption that the funds in the joint account belong to the debtor. The burden is on the depositors to prove otherwise." Amarlite Architectural Products, Inc. v.Copeland Glass Company, Inc., 601 So.2d 414, 416 (Ala. 1992).
This Court adopts the majority view on this issue and holds that a joint bank account can only be garnished to the extent of the debtor's actual ownership of the funds. The nature of joint bank accounts prompts the court to conclude also that a rebuttable presumption exists that the funds in the account belong to the debtor, and the burden is on the joint owners to prove otherwise. Such a presumption and burden appear equitable because of the depositors' greater knowledge about the account and their ability to obtain proof about the ownership of any commingled funds. SeeAmarlite Architectural Products, Inc. v. Copeland Glass Company,Inc., supra, 601 So.2d 416.
In the case at bar, the defendant has met his burden to establish that all the funds garnished in the account are owned by his wife, except for $272. The defendant has not met his burden as CT Page 6091 to this $272 and these funds are found to be owned by him. The defendant is entitled to an exemption under § 52-352b(r) which operates to preclude garnishment of this $272.
Accordingly, the plaintiff, General Electric Capital Corp., is not entitled to any of the funds garnished from this account. The garnishment is hereby ordered released.
Dated this 21st day of August, 1996.
STEVENS, J.