## LEO SHURMAN v. VIOLET G. DUNCAN

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 67957

Memorandum filed August 3, 1946.

*Gold & Gold,* of New Haven, for the Plaintiff.

*Vincent P. Dooley,* of New Haven, for the Defendant.

DALY, J. In the plaintiff's complaint it is alleged that on March 29, 1946, the defendant commenced a civil action against the plaintiff and that said suit has been commenced and prosecuted in the name of the defendant "without probable cause, and with a malicious intent unjustly to vex and trouble" the plaintiff herein. The defendant has demurred upon three grounds the substance of which is that it does not appear that the action alleged to have been commenced by the plaintiff has been reduced to judgment in favor of the plaintiff in this action.

In their brief the plaintiff's attorneys concede that in an action for malicious prosecution it is "a condition precedent to the institution of the action . . . that the original action has terminated unsuccessfully." However, they claim that the "complaint in the instant case has all the allegations incident to an action brought upon the grounds of abuse of process". This is not a suit brought for abuse of process. It is a suit in which treble damages are claimed for the bringing of an alleged vexatious suit, "in accordance with the statutes in such cases made and provided". Section 6000 of the General Statutes is the statute referred to. In *McGann* v. *Allen,* 105 Conn. 177, at pages 188 and 189 the court discussed abuse of process.

"An action brought under our statute for the malicious prosecution of a civil suit 'is subject to the same general principles as are actions on the case, for malicious prosecutions, at common law.' *Goodspeed* v. *East Haddam Bank,* 22 Conn. 530, 535. In actions for malicious prosecution, and in actions under our statute for vexatious suit, two of the essential allegations are (1) that no probable cause existed for instituting the prosecution or suit complained of, and (2) that such prosecution or suit terminated in some way favorably to the defendant therein. 1 Swift's Digest, pp. 491-494, 647; *Munson* v. *Wickwire,* 21 Conn. 513, 515; *Wall* v. *Toomey,* 52 id. 35; *Thompson* v. *Beacon Valley Rubber Co.,* 56 id. 493. So long as the prosecution claimed to be malicious, or the suit claimed to be vexatious, is pending, it can not be known whether the party will be convicted upon it, or whether it was commenced and carried on from motives of malice, without probable cause." *Frisbie* v. *Morris,* 75 Conn. 637, 639.

The demurrer is sustained upon all of the grounds stated therein.