JOHN J. CURTIS *v.* CHARLES F. SMITHERS ET AL.,
EXECUTORS AND TRUSTEES (ESTATE OF
MARIE D. CURTIS)

SUPERIOR COURT        FAIRFIELD COUNTY        FILE No. 98612

Memorandum filed July 22, 1957.

*MacDonald & Oberst,* of Stamford, for the plaintiff.

*Hirschberg, Pettengill & Strong,* of Greenwich, for the defendants.

THIM, J. In this proceeding the plaintiff seeks a determination as to his rights in and to several tracts of land together with the buildings thereon located in the town of Darien. All persons having an interest in the controversy have been joined as parties defendant and have appeared and are represented by their attorneys. Guardians ad litem have been appointed on behalf of possible unborn or unknown persons who have an interest in this case. Answers have been filed by all the defendants and the parties have entered into a stipulation dated June 17, 1957, agreeing as to certain allegations of fact appearing in the complaint and that the court has jurisdiction to decide the issues of law raised by the pleadings.

A determination of the issues requires an interpretation of the legal effect of a quitclaim deed from Marie D. Curtis to herself and to John J. Curtis, husband and wife, executed and delivered in her lifetime and conveying the tracts of land to herself and to John J. Curtis, her husband, and the survivor of them. The quitclaim deed is dated November 23, 1945, and the pertinent provisions of it read as follows: "Know all men by these presents, That I, Marie D. Curtis, of the Town of Darien, County of Fairfield and State of Connecticut, for the consideration of One Dollar ($1.00) and other valuable consideration received to my full satisfaction of John J. Curtis and the said Marie D. Curtis, husband and wife, of the Town of Darien, County of Fairfield and State of Connecticut, do by these presents remise, release and forever quit-claim unto the said

John J. Curtis and Marie D. Curtis, to have and to hold unto them as joint tenants and not severally nor as tenants in common, with the right of survivorship expressly vested in said joint tenants and to the heirs and assigns of the survivor of them, all right, title, interest, claim and demand whatsoever, . . ." And further, the tenendum clause (page 5): "To have and to hold the premises with all the appurtenances unto the said John J. Curtis and Marie D. Curtis, husband and wife, as joint tenants and not as tenants in common, or severally, with the right of survivorship expressly vested in said joint tenants, and the heirs and assigns of the survivor forever, so that neither I, the said Marie D. Curtis, nor my heirs, nor any person under me or them, shall hereafter have any claim, right or title in or to the premises or any part thereof, but therefrom I and they are by these presents forever barred and secluded."

Subsequent to the execution and delivery of the quitclaim deed, Marie D. Curtis died. The plaintiff now contends that since the death of his wife he has been and is now seized and possessed with a fee simple interest in the tracts of land.

The defendants claim: (1) that the deed was void and ineffectual as a result of which Marie D. Curtis was the sole owner of the tracts of land at the time of her death; (2) that, if the deed was not void, the legal effect of the deed was to create a tenancy in common whereby the plaintiff became the owner of an undivided one-half interest in the tracts of land and Marie D. Curtis the owner of an undivided one-half interest therein. The conflicting claims raise the issues of joint tenancy or tenancy by the entirety versus tenancy in common.

Although the early common law of many jurisdictions recognized the rule that in the absence of

anything to indicate a contrary intent, a conveyance to two or more persons created a joint tenancy with the right of survivorship, the case law of our state has not followed this principle. Our court has preferred a tenancy in common to a joint tenancy. *Allen* v. *Almy,* 87 Conn. 517, 524; 14 Am. Jur. 83.

In construing a deed of conveyance to two or more persons, our court has repudiated the doctrine of survivorship as between joint tenants and has assumed that a tenancy in common came into existence. *Peyton* v. *Wehrhane,* 125 Conn. 420, 436; see also 22 Conn. B.J. 66, 68. However, a survivorship deed by which property is conveyed to two or more persons "and to the survivor of them and to the heirs and assigns of such survivor" has been approved by our Supreme Court. If the grantor has properly expressed himself, the court will recognize the right of survivorship by virtue of the conveyance. *Hughes* v. *Fairfield Lumber & Supply Co.,* 143 Conn. 427, 428.

There appears to be a difference of opinion as to whether a joint tenancy can be created by a grant by the owner of property to himself and another. One view is that unity of title and unity of time are lacking in the estate created in the two grantees and therefore a tenancy in common results. The other view is that a joint estate may be thus created where the intention to create it is clear. 14 Am. Jur. 83.

In attacking the validity of the deed, the defendants claim that a person cannot convey an estate to himself. In support of this principle they quote *Deslauriers* v. *Senesac,* 331 Ill. 437, 439, wherein the court stated: "A transaction involving the transfer of title to real estate presupposes the participation of two or more parties. For every alienation there

must be an alienor and an alienee, for every grant
a grantor and a grantee, and for every gift a donor
and a donee. The words 'convey,' 'transfer,' and
similar words employed in conveyancing signify the
passing of title from one person to another. To make
a deed effective, the grantor is divested of, and the
grantee is vested with, the title. The requisites of a
deed purporting to grant an immediate estate in
possession are, that there be a grantor, a grantee and
a thing granted. (*Duffield* v. *Duffield*, 268 Ill. 29).
A person cannot convey or deliver to himself that
which he already possesses. (*Breitenbach* v. *Schoen*,
183 Wis 589; *Cameron* v. *Steves*, 4 Allen, (N.B.)
141; Perkins on Conveyancing 15th ed.-p. 42; 13
Cyc. 527). He cannot by deed, convey an estate to
himself or take an estate from himself. (*Cameron*
v. *Steves*, supra). At common law, livery of seisin
was necessary to pass the title to real property, and
it was recognized that a person could not make livery
of seisin to himself. (Perkins on Conveyancing 15th
ed.-p. 42). By § 1 of the Conveyance act [Smith-
Hurd Rev. Stat. 1927, chap. 30] livery of seisin has
been rendered unnecessary, but the muniment of
title, namely, the deed, must still be delivered. Dev-
lin on Real Estate and Deeds (3d ed.) §§ 260a, 261."
Concerning the "unities" deemed essential the same
court in the same case stated (p. 440): "The prop-
erties of a joint estate are derived from its unity,
which is fourfold: the unity of interest, the unity
of title, the unity of time and the unity of posses-
sion; or, in other words, joint tenants have one
and the same interest, accruing by one and the
same conveyance, commencing at one and the same
time and held by one and the same undivided posses-
sion. 1 Sharswood's Blackstone's Com. book 2, p.
180; Freeman on Cotenancy and Partition, (2d ed.)
§ 11; 1 Washburn on Real Prop. (6th ed.) § 855; 7
R.C.L. p. 811; *Gaunt* v. *Stevens*, 241 Ill. 542. Ida
Deslauriers was the sole owner of the half lot prior

to the execution of the deed from herself and husband to themselves. She could not by that deed convey an interest in the property to herself. It is manifest from the deed that she did not intend to convey the whole and entire interest to her husband, for she retained an equal share or interest. Hence the interests of Ida Deslauriers and her husband were neither acquired by one and the same conveyance nor did they vest at one and the same time. Two of the essential properties of a joint estate—the unity of title and the unity of time—were therefore lacking."

The authorities supporting the defendants' position do require, in the proper creation of a joint tenancy by conveyance, the presence of four elements or "unities," namely, those of time, title, interest and possession.

The principal area of dispute in addition to the proposition that one cannot convey property to himself, is found in the "unities" essential to joint tenancy. From a review of the authorities in jurisdictions outside of our state, it is concluded that this court should follow the rule which recognizes the right of an owner of property to create a joint tenancy in himself and another with the right of survivorship. The trend of recent decisions is to permit to be done directly when the intention is clear, that which could be done indirectly. Note, 44 A.L.R.2d 595, 598.

The absence of some of the elements of "unities" found necessary in *Deslauriers* v. *Senesac*, supra, should not prevent the carrying out of the grantor's express language set forth in the deed creating the estate. Even if the principle laid down in *Deslauriers* v. *Senesac*, supra, is applied to the instrument in the pending case, it is reasonable to conclude that the "unities" are all present. A finding that the "unities"

are present is supported by the principle stated in 44 A.L.R.2d 598, n.9. There it is stated: "The language of Blackstone's Commentaries, Book II, Ch. 12, § II (see *Strout* v. *Burgess* (1949) 144 Me 263, 269, 68 A.2d 241, 12 ALR2d 939), in setting forth that joint tenants must have 'a unity of title,' specifies that 'their estate' must be created by one and the same act, and that 'their estates' must be vested 'at one and the same period.' Since an estate in joint tenancy or one by the entirety differs from the estates held by tenants in common, or that possessed by a sole owner, it would seem not illogical, and not a departure from technical concepts, to consider that where a sole owner conveys property to another and himself as joint tenants, or as tenants by the entirety, he is intending to create a new estate in himself as well as in the other person, and consequently that in such a case the unities of time and of title are in fact present, since their title comes into existence by such conveyance.

"Again, since it is plain that an owner may create a joint tenancy or a tenancy by the entirety in himself or another by the use of a straw man, and in such case no interest or estate of any sort remains in the intermediary, it ought logically to follow that the unities of time and title so obtained are precisely those secured by a direct conveyance."

Also in *Therrien* v. *Therrien*, 94 N.H. 66, 67, a conveyance from the wife to the husband alone of premises described, "[t]o be held by him with this grantor in joint tenancy with full rights of ownership vesting in the survivor," the habendum clause running "to him the said grantee as joint tenant," was held to create a valid joint tenancy with rights of survivorship in accordance with the manifest intent. The court conceded that under the common law the instrument lacked the required unities deemed essential to the creation of a joint tenancy

and that the rule to that effect persisted in several jurisdictions "although no attempt is made to justify either its present or past existence," and that as a result there had developed a practice of accomplishing the intent by passing the title through a third party, such as a stenographer or scrivener; but, said the court (p. 68), "[t]he necessity of requiring an extra deed makes a fetish out of form and compels the parties to the instrument to employ an indirect manoeuver of the eighteenth century."

In the pending case Marie D. Curtis by express language created a joint tenancy with the right of survivorship expressly vested in the surviving joint tenant and his heirs or her heirs or assigns and expressly negated a tenancy in common. There is no doubt as to the intent expressed in the language creating the estate.

In deciding the legal effect of a survivorship deed in *Hughes* v. *Fairfield Lumber & Supply Co.*, 143 Conn. 427, the court described the interest created, its incidents and legal effects without giving the interest created a title, looking not to the words of description but rather to the operative words of conveyance and in the first instance, the intent of the grantor. This same course should be followed in construing the instrument executed by Marie D. Curtis.

The conclusion is reached that the deed executed by Marie D. Curtis on November 23, 1945, created a joint tenancy whereby the plaintiff upon the death of Marie D. Curtis on May 15, 1953, became the fee simple owner of the real property.

A judgment may enter in accordance with this memorandum.