Louise A. Kantrowitz *v.* William C. Clipfel et al.

Superior Court      Hartford County      File No. 111314

Memorandum filed November 10, 1959

*Maurice Poch,* of Hartford, for the plaintiff.

*William Galvin, Jr.,* of Hartford, specially for the plaintiff.

*Daddario & Burns* and *Joseph P. Cooney,* of Hartford, for the defendants.

*Gross, Hyde & Williams,* of Hartford, for Society of Savings, garnishee.

Troland, J. This is an action for treble damages, under what is now General Statutes § 52-568, for alleged vexatious suit, in which the plaintiff claims

that on July 17, 1953, the defendant William C. Clipfel and his attorneys, Dorothy E. Kelmenson and William Pomerantz, commenced and thereafter prosecuted a civil action against the plaintiff without probable cause and with a malicious intent to vex and trouble her. Plaintiff claims that this action was terminated by judgment in her favor on July 17, 1957.

It is conceded that the defendant William C. Clipfel commenced an action in this court on July 17, 1953, against the plaintiff and that William Pomerantz was his attorney, engaged for the purpose. The action so brought was for the reformation of a certain written agreement between Louise A. Kantrowitz and William C. Clipfel, dated November 10, 1948, so that it would express, according to Clipfel's claim, the true intention of the parties with reference to the subject matter thereof, and for damages for its breach. The first question for the court then, is whether on July 17, 1953, Clipfel had knowledge of facts sufficient to justify a reasonable man in the belief that he had reasonable grounds for prosecuting his action. *Paranto* v. *Ball,* 132 Conn. 568, 571; *Zenik* v. *O'Brien,* 137 Conn. 592, 597.

The following facts were known to Clipfel on July 17, 1953. In June, 1948, and for some time prior thereto, there was a corporation known as Associated Film Libraries, Inc., doing business in Hartford. The plaintiff, then Mrs. Louise Yates, was an employee, stockholder, officer and director of said corporation. Clarence Kantrowitz was the principal stockholder and manager of its affairs. It was a so-called "closed corporation," and the transfer of its stock was limited. Over a period of time prior to June, 1948, Clipfel had dealt with the corporation, with Clarence Kantrowitz and Mrs. Yates, advancing money, exchanging checks, endorsing obligations, etc., as a result of which he had substantial

claims against the corporation, including one claim on which the plaintiff individually was liable. The aggregate of Clipfel's claims as above, at or about that time, was $17,750. In June, 1948, at the suggestion of the plaintiff and Kantrowitz, 147 shares of stock in Associated Film Libraries, Inc., was delivered to Clipfel, representing $14,700 of the above obligation, and the balance of $3050 was left on the books as an open account in his favor. Much of the stock so delivered to Clipfel was plaintiff's stock.

At or about said time, Clipfel was elected an officer and director of the corporation. At or about said time, the plaintiff resigned as an officer of the corporation and left for the west, where she remained during August, September and October of 1948, and secured a divorce in Nevada. Clarence Kantrowitz also went west for a protracted period at this time. During the absence of the plaintiff and Kantrowitz from Connecticut, Clipfel was left in charge of the office of Associated Film Libraries, Inc., by Kantrowitz. While Clipfel was so in charge of the office, he made discovery of methods of management and bookkeeping which had been practiced which were disturbing to him, and he determined to get out of the corporation. The plaintiff and Kantrowitz had returned to this state about October, 1948, and prior to that time they had been married. The plaintiff and Kantrowitz had thereupon resumed the management of the corporation.

From a period beginning prior to June, 1948, and continuing thereafter, Maurice Poch was counsel for Associated Film Libraries, Inc. In October, 1948, Poch was also counsel for Mrs. Kantrowitz. On October 8, 1948, Clipfel had resigned as a director and officer of the corporation. At a meeting of the stockholders of the corporation, held subsequently, Clipfel had stated in the presence of the plaintiff and her husband and Poch that he had discovered

certain irregularities in the books, which were the basis of his resignation, and he threatened legal proceedings to compel repayment to the corporation of certain moneys alleged to have been paid to certain officers of the company. The attorney for the corporation had resisted further examination of the books by Clipfel at said time. Because of the nature of Clipfel's charges, it was of advantage to Mr. and Mrs. Kantrowitz that Clipfel leave and they gain control of his stock. Negotiations were started to regain the stock issued to Clipfel resulting from his loans to Associated Film Libraries, Inc., and to pay the open account. Mrs. Kantrowitz was represented in these negotiations by Attorney Poch.

Clipfel intended that the agreement to be signed would provide that he sell his stock and assign the open account of $3050 to Mrs. Kantrowitz and get his money back. Plaintiff and her husband desired that Clipfel's stock be acquired and his association with them and the corporation be terminated. Counsel for Mrs. Kantrowitz and the corporation drew an agreement designed to accomplish this. The document so drawn had provided for "payments" to be made, $570 on the 15th day of November, 1948, and the like sum of $570 each and every month thereafter for a term of twenty-eight months, and a final payment of $1220 on the twenty-ninth month "when said full amount of $17,750.00 shall have been paid in full." In said draft, it was provided to bind Clipfel to deliver the stock by transferring it to an agent to hold the same in escrow until payments from time to time as agreed were made to said agent. The open account was to be first paid.

On November 10, 1948, the proposed agreement as drafted by counsel for the plaintiff was modified in the office of Clipfel's attorney, only to give protection to the person holding the stock in escrow. As so modified, the agreement between Mrs. Kantro-

witz and Clipfel was signed. Clipfel on said day assumed that, as drafted, the agreement bound Mrs. Kantrowitz to make the payments provided and for him to deliver stock. Clipfel delivered his stock to the agent to hold in escrow.

Thereafter, on November 15, 1948, the first payment was made by Mrs. Kantrowitz of $570 by delivering an Associated Film Libraries, Inc., check to her order, endorsed to the escrow agent. The December 15, 1948, payment was not made on time, but Mrs. Kantrowitz sent three postdated checks, with a letter asking indulgence. These checks, totaling $570, were paid in December, 1948. Other smaller payments were made from time to time by the plaintiff until October, 1949. By that time a total of $2435 had been paid by her.

Because the payments provided in the agreement were not made, demands had been made on Mrs. Kantrowitz from time to time by Clipfel's attorney for further payments in accordance with the agreement. Some of these demands had been made on Mrs. Kantrowitz's attorney. No further payments were made. Early in 1953, Clipfel engaged the defendant Pomerantz as counsel to enforce his claims against the plaintiff. Up to this time no claim had been made by plaintiff or on her behalf that she was not bound by the agreement, or that it was only an option for her to buy the stock. Such a claim was made on her behalf later, however, in defense of an action to collect the alleged debt.

On all the evidence the court concludes that on July 17, 1953, the defendants had knowledge of facts sufficient to justify reasonable men in the belief that there were reasonable grounds for commencing and prosecuting the action brought on said date. The plaintiff has thus failed to prove an essential element of her cause of action, namely, a want of

probable cause. This deficiency alone makes the entry of judgment for the defendants mandatory.

There is a further weakness in plaintiff's case. The file in case No. 96383, *C. William Clipfel* v. *Louise A. Kantrowitz,* Superior Court, Hartford County, which is the action alleged to have been brought without probable cause, was offered in evidence, and the court has taken judicial notice of it. It reveals that said cause is still pending in this court. The case has a long history. It was once tried to the court (*Bordon, J.*), and the court decided that it was unnecessary to grant the equitable relief sought, but that on the basis of the contract as written, and the facts found, Clipfel was entitled to recover $20,292.37 damages. This judgment was reversed on appeal to the Supreme Court of Errors because the award of damages was made on "a cause of action which was neither alleged in the complaint nor orally claimed at trial." A new trial was ordered. *Clipfel* v. *Kantrowitz,* 143 Conn. 184, 190.

Subsequently, on February 27, 1956, by leave of court (*Phillips, J.*) Clipfel was permitted to file an amendment to the original complaint setting up a second count seeking damages for alleged breach of the contract of November 10, 1948, as written. Thereafter, on August 21, 1956, after many intermediate motions, an answer to the second count was filed on behalf of Mrs. Kantrowitz, and as to this count Mrs. Kantrowitz claimed a trial by jury the same day. The cause was placed on the jury assignment list, and when reached the court (*Devlin, J.*), after consultation with counsel, ordered that the equitable issues be tried first. Thereupon the case was tried, as the record shows, "to the Court without a jury, solely under the First Count, alleging that the written contract dated November 10, 1948 did not obligate the defendant, and seeking its reformation, as on file." The issues on this trial were found in

favor of Mrs. Kantrowitz. See memorandum of decision (*Devlin, J.*) and judgment file, *Clipfel* v. *Kantrowitz,* Superior Court, Hartford County, No. 96383 (July 17, 1957).

The issues under the second count of the amended complaint remain to be litigated. Therefore, the plaintiff herein has failed to establish the second essential element of her action for vexatious suit, namely, that the prosecution of the suit complained of has terminated in her favor. *Frisbie* v. *Morris,* 75 Conn. 637, 639.

There was no proof that the defendant Pomerantz, as counsel for Clipfel, conducted the litigation other than in good faith in the prosecution of his client's rights. The defendant Dorothy E. Kelmenson did not commence or prosecute the action against the plaintiff complained of.

On the trial of this cause, it was orally stipulated by the parties that all the evidence in the trial before Judge Bordon and the trial before Judge Devlin be considered as evidence in this case, and the court has read it all.

Judgment may enter for all the defendants.