AGNES REYNOLDS *v.* ALBERT D. SMITH ET AL.

CIRCUIT COURT                    SIXTH CIRCUIT
                                 FILE NO. CV 6-661-23141

Memorandum filed April 11, 1966

*Anthony V. DeMayo,* of New Haven, for the plaintiff.

*Abraham Zweigbaum,* of New Haven, for the defendants.

JACOBS, J. On October 19, 1959, Albert D. Smith and Doris I. Smith, then husband and wife, of Wallingford, Connecticut, and Howard E. Reynolds, of East Haven, Connecticut, executed a promissory note, by the terms of which, for value received, they jointly and severally promised to pay to the order of General Industrial Bank, of New Haven, two years after date, the sum of $2100. In April, 1961, the bank brought suit against the accommodation maker, Howard E. Reynolds, alone, alleging that "[o]nly $576.00 has been paid on the principal sum of said note, and the defendants have committed several defaults under the terms thereof, on account of which the plaintiff [the bank] has exercised its option and declared the entire balance due thereon, to wit: the sum of $1524.00 to be due and payable." An attachment was made in that action of Howard E. Reynolds' interest in certain realty, situated in the town of East Haven, acquired by warranty deed, in survivorship form, on August 8, 1956, by "Howard E. Reynolds and Agnes Reynolds, and unto the survivor of them, and unto such survivor's heirs and assigns forever." Howard E. Reynolds died on November 2, 1961. He was survived by Agnes Reynolds, the present plaintiff. Because the decedent's real estate was subject to the bank's lien of attachment by virtue of its suit, Agnes Reynolds made a compromise settlement with the General Bank and Trust Company, successor corporation to the General Industrial Bank.

Agnes Reynolds seeks in this action against Albert D. Smith and Doris I. Smith (now Doris Pierce), the original makers of the note, to compel them to reimburse her for the compromise settlement, amounting to $871.50 and certain costs (item-

ized in the plaintiff's more specific statement), which she made to the bank. The defendants demurred to the complaint upon the ground that "the alleged 'compromise agreement' made by the plaintiff [Agnes Reynolds] in order to release the attachment made by the General Industrial Bank against the interest of the plaintiff's deceased husband on a piece of real estate owned by the plaintiff and the decedent in survivorship was a voluntary payment in that there [was] no debt due or owing the plaintiff from the defendants." On the other hand, the plaintiff contends that § 47-14f of the General Statutes is decisive of the issues raised on demurrer. She has failed to file a brief in support of her claims of law. "All adversary parties to a . . . demurrer, on the short calendar, shall submit written briefs at the commencement of the oral argument." Practice Book § 220. The defendants' brief makes no mention of and contains no reference to § 47-14f. In these circumstances, the parties have shifted the burden imposed on them by rule of practice upon the court.

The statute, § 47-14f, so far as its provisions are pertinent here, provides that "[d]uring the life of any joint tenant his interest may be attached . . . in the same manner as if he held his interest as a tenant in common; provided, upon the death of any joint tenant owning that interest, such attachment . . . shall likewise continue valid and enforceable against that interest as and when it accrues to the surviving tenants or tenant by reason of such death." It is to be noted in this connection that § 47-14k, captioned "Applicability of statutes," makes the statute we are considering, § 47-14f, applicable to "any conveyance or devise creating a joint tenancy in the manner provided in section 47-14a made prior to and existing on June 29, 1959 . . . ; unless a person claims said sections do not

apply to such conveyance or devise and, within one year after June 29, 1959, records a notice defining his contrary claim in the land records of the town where the land affected by said sections is located." In other words, "assent is presumed if the grantees do not take steps to indicate a contrary intent within a year of the effective date of the statute." Stephenson, "Survivorship Deeds under the Statute," 34 Conn. B.J. 15, 36. It is difficult to perceive, as suggested by Professor Stephenson, why grantees would indicate a contrary intent and not accept the advantages of the statutory provisions; grantees who did indicate a contrary intent would have an unmarketable title on their hands until adjudication. Id., 37.

In *Dennen* v. *Searle,* 149 Conn. 126, which permitted a right of survivorship to be annexed to an existing tenancy, Mr. Justice King, construing an "unartfully drawn instrument" (p. 128) executed on June 21, 1948, pointed out (p. 133 n.2): "No claim was made that this legislation [§§ 47-14a to 47-14k] applied to this case, which was instituted on March 24, 1960, nor were any facts proven indicating that the legislation was applicable. See General Statutes § 47-14k. Consequently, we were not called upon to resort to this liberalizing legislation in the disposition of this appeal." See *Curtis* v. *Smithers,* 20 Conn. Sup. 321 (survivorship provision created joint tenancy).[1] But in the present case the demurrer was presented and argued on the theory that § 47-14f was applicable to the case, and, if this be so, the court is justified in assuming that § 47-14a, which provides for the creation of a joint

---

[1] Professor Stephenson, in analyzing the rule in *Curtis* v. *Smithers,* thought that the deed in that case, "whose like, it is to be hoped, will never be encountered again [in Connecticut]," was treated by Judge Thim "with more kindness than it deserved." 34 Conn. B.J. 28-29.

tenancy where there is a conveyance with right of survivorship, is also applicable here. Thus, since the language used in the instrument of conveyance of August 8, 1956, though it contains no reference to the creation of a joint tenancy, contains some reference to survivorship, the court holds that a joint tenancy was created by virtue of § 47-14a.

Prior to 1959, in *Hughes* v. *Fairfield Lumber & Supply Co.*, 143 Conn. 427, the Supreme Court held that an attachment upon realty under a survivorship deed is extinguished by the death of the debtor spouse.[2] See 4 Powell, Real Property, p. 145 (Sup. 1965); Stephenson, supra, 25. Under the provisions of § 47-14f, upon the death of the joint tenant, an attachment of the decedent's interest in the realty is not extinguished by the fact of death; it continues as a valid and enforceable attachment against the interest of the surviving tenant who, upon the death of his cotenant, becomes the owner of the whole interest, but not free from claims originating in the acts of the deceased tenant. See 3 American Law of Property § 14.17. "Consequently, it is provided [by § 47-14f] that the creditor's lien does not . . . [effect] a severance, but continues as a lien even after the death of the grantee whose interest has been reached. . . . Under the statute, the survivor takes the decedent's interest subject to the attachment lien." Stephenson, supra, 35. Thus, in the instant case, under the circumstances as we have recited them and as the case was argued on demurrer, the compromise settlement was not a voluntary payment in the sense contended for by the defendants; the attachment of the realty was not extinguished by the death of the plaintiff's husband;

---

[2] One commentator bemoaned the fact that the court refused to give a label to Hughes's interest in the realty. See Comment, "Survivorship Deeds and Joint Tenancy in Connecticut," 31 Conn. B.J. 70, 71.

and, in a very real and legal sense, his debt became her debt because the attachment of the realty survived his death and was carried over to her interest by force of statute.

For reasons set forth herein, the demurrer must be and is overruled.