[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the third count of the defendants' counterclaim. The third count CT Page 3936 alleges that the plaintiff commenced this action against the defendants, that it was commenced and prosecuted by the plaintiff without probable cause and with malicious intent to unjustly vex and trouble the defendants, causing them to expend money for legal fees and costs. The motion to strike claims that this does not state a cause of action since the defendants have not prevailed in the prior civil action, which is the complaint in this case. The defendants have objected to the motion to strike claiming that there is no statutory requirement in the vexatious suit statute, section52-568 of the General Statutes, or any other statute, requiring the litigation brought by the plaintiff to be terminated prior to the filing of a vexatious suit action by a defendant against a plaintiff. The defendants rely upon a federal district court case, Hydro Air of Connecticut, Inc. v. Versa Technologies, Inc., 99 F.R.D. 111, 113 (1983), which allowed a defendant to raise in a counterclaim that the underlying action brought by the plaintiff was vexatious, and that in the interest of judicial economy both matters could be decided sequentially in the same proceeding, without having to wait to start the vexatious suit action until the main action terminated.
With a motion to strike the facts alleged in the pleading and facts necessarily implied from them are accepted as true, but the motion does not admit legal conclusions. Blancato v. Feldspar Corporation, 203 Conn. 34,36, 37. It is not necessary to go beyond the court file to determine that the civil action referred to in the counterclaim is the plaintiff's complaint and that the underlying action has not been resolved in favor of either the plaintiff or the defendants. It is well established that in an action for vexatious litigation the plaintiff must allege and prove that the prior litigation has terminated in his favor. Blake v. Levy, 191 Conn. 257, 263; Frisbie v. Morris, 75 Conn. 637, 639; Hiers v. Cohen, 31 Conn. Sup. 305,312; Kantrowitz v. Clipfel, 22 Conn. Sup. 272, 278; Shurman v. Duncan, 14 Conn. Sup. 293, 294. One reason for this is that if the judgment in the original action is in favor of the plaintiff, then it is conclusive that the action was not vexatious. Frisbie v. Morris, supra, 640. The requirement that the prior action has to be terminated before a vexatious suit claim can be brought is to discourage unfounded litigation without impairing the presentation of honest but uncertain causes of action to the courts. Blake v. Levy, supra, 263. In both the common law cause of action and the statutory action under section 52-568 the same principles apply, including the requirement that the original action must terminate in some way favorable to the defendant. Goodspeed v. East Haddam Bank, 22 Conn. 530, 535; Shurman v. CT Page 3937 Duncan, supra, 294. Under these well established concepts it is clear that the defendants do not have a cause of action against the plaintiff at this time for vexatious suit, and they cannot have a claim until they prevail in the underlying action.
The federal case relied upon by the defendants relies upon a case with a different fact pattern and overlooks the customary Connecticut law on this subject. Concerns over judicial economy are misplaced. Substantially different facts from the underlying action must be proved in a vexatious litigation claim, and they require totally different evidence, so there is no real time saving by trying them together. A vexatious suit action requires a plaintiff to prove that the prior law suit was initiated maliciously, without probable cause, and terminated in the plaintiff's favor. Blake v. Levy, supra, 263; Vandersluis v. Weil,176 Conn. 353, 356. Moreover, allowing a vexatious suit claim to be raised in a counterclaim to a complaint would encourage the filing of such claims while at the same time discouraging the presentation of honest but uncertain causes of action to the courts in the original complaint. Blake v. Levy, supra, 263. Allowing a vexatious suit action to be brought by a counterclaim would not encourage judicial economy, but in fact would do the opposite.
The motion to strike the third count of the counterclaim is granted.
ROBERT A. FULLER, JUDGE.