[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION OF DECISION DENYING PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM
The Court has denied plaintiff's motion to strike which is addressed to each of six counts of the defendants' counterclaim in this case. The plaintiff has requested an articulation of the Court's reasons for denying the motion.
In the six counts of their counterclaim, defendants Catherine Cellini, Trustee and Brunswick Home Builders, Inc., seek damages in negligence (Count One), intentional acts (Count Two), detrimental reliance (Count Three), reasonable value (Count Four), slander of title (Count Five) and unjust enrichment (Count Six) relating to a boundary dispute resulting from the plaintiff's alleged failure properly to record and notice her title to certain property prior to the defendants' investment of monies and other consideration in CT Page 4611 the construction and sale of a house on the subject premises.
The plaintiff's motion to strike, accompanied by a "memorandum of law", asserts that each count of the counterclaim is legally insufficient and that they fail to set forth a cause of action upon which relief may be granted. In her memorandum of law, the plaintiff asserts further that since certain paragraphs of certain counts can only be pled in an action for vexatious litigation, the counts containing these paragraphs must be stricken. In addition, the plaintiff claims that the defendants' allegations in the counterclaim may only be pled and proved in an action for vexatious litigation. In this regard, the plaintiff contends that the Court should strike any allegations which may only be supported under the vexatious litigation theory of recovery. Moreover, the plaintiff highlights the missing essential two allegations under this theory, vis. 1) the absence of probable cause, and 2) the termination of the original litigation in the defendants' favor. It is at this point that the plaintiff cites her only authority in her entire brief — Frisbee v. Morris, 75 Conn. 637 (1903) and Shurman v. Duncan, 14 Conn. Sup. 293 (1946) — two cases which set out the matrix of vexatious litigation cases.
Inasmuch as the plaintiff has not cited any statutory or case law authority for her non-vexatious litigation challenges to the counts in the counterclaim, the Court rules that the plaintiff has not filed a memorandum of law as to such claims. The Motion to Strike is denied, in part, on that basis. See Conn. Practice Book sections 155 and 204. See also Palmieri v. Greaux, 13 C.L.T. No. 36, p. 22 (September 14, 1987); Boyd v. Booth, 14 C.L.T. No. 14 (April 14, 1988); and Reynolds v. Smith, 3 Conn. Cir. Ct. 664, 667 (1966).
In their memorandum in opposition to the motion to strike, the defendants emphasize that none of the counts in their counterclaim is based upon a theory of vexatious litigation. Apart from the absence of the classic elements of vexatious litigation, Frisbee v. Morris, supra, each count of the counterclaim presents as a cause for a theory other than vexatious litigation. See Conn. Practice Book sections 108 and 109. The Court's agreement with the defendants in this regard is the additional reason upon which the Motion to Strike is denied.
CLARANCE J. JONES, JUDGE CT Page 4612