[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action brought by certain family members of Evelyn Pay Long claiming that a deed from Evelyn to herself Evelyn for life and then to Trinity United Methodist Church was the product of undue influence dominion and control and fraudulent inducement while Evelyn was incapacitated. The defendant church denies these allegations. The conveyance is recorded on the land records on March 16, 1995.
The plaintiffs move for summary judgment. The motion, dated February 1, 2000 does not directly address the pleadings but rather contends that the deed is as a matter of law unable to convey the right title and interest in this land.
The plaintiffs argue that a person cannot directly convey to herself a life interest when she is the owner of the fee in property. Hence, since there is no life estate conveyed there can be no remainder to the church. The plaintiff states "there is no common law, nor statutory law, recognizing a conveyance to oneself of real estate the title to which is held by oneself."
The plaintiff does not cite any Connecticut cases directly supporting that proposition. The defendant does not cite any Connecticut cases directly opposed to the defendant's contention. The plaintiff cites an Illinois case which stands for the proposition that "a person cannot deliver to himself that which CT Page 3245 he already possesses". Deslauriers v. Senesac, et al, 331 I11. 437 (1928). That case, however, is dependent upon that court's interpretation of common law seisin, claiming that a person cannot make livery of seisin to himself.
The decision in that cited case misinterprets the common law concept of seisin. Moynihan, A Preliminary Survey of the Law of Real Property, West Publishing Company, 1940 presents a detailed analysis of the English Common Law as pertains to real property.
 "A freehold estate is one in fee simple, fee tail or for life. All other estates are non-freehold. A lessee for years
has possession but seisin is in the reversioner or the remainder man having a freehold estate." Moynihan, supra, pp. 41, 42. "Seisin is possession, possession of land under a claim of a freehold estate therein:". Moynihan, supra, p. 42.
In the case of a life tenant seisin vests in the life tenant and upon his death seisin vests in the remainder holders. "The livery of seisin to B (life) would be effectual to transfer the seisin to or on behalf of all the tenants in remainder. On B's death seisin would vest in C." The concept that a person cannot "make" livery of seisin to himself, as promulgated by theDeslauriers case, supra, is quite meaningless, for the grantor, as the fee holder has seisin (possession) and then as the life tenant has seisin (possession). There is no need to deliver to a person that which a person already has. Of course, although the ancient concepts of seisin and livery of seisin by ceremony such as sitting on the land, has lost its ceremonial indica, still seisin is of significant import, as, for example, it forms the basis of our present statutes and case law as concerns adverse possession.
It is obvious in the instant case that Evelyn Page Long, as the freeholder had, and then retained seisin as the life tenant, and upon her death the remainder, the unencumbered fee, would pass to the remanderman, the church.
The further question which is raised by this motion is whetherin this state there is a prohibition against a person, having the fee in land, conveying to herself a lesser estate with simultaneous granting to another of the reversion. There can be no question but that the holder of the fee could convey to a third party the fee, subject to and reserving for herself a life estate. That is a common method to retain a life estate. (One of CT Page 3246 the documents submitted is the earlier motion for summary judgment, and as proffered at oral argument, is that the church did not want to have any responsibility for the property during the life of Evelyn Page Long, and hence that manner of transfer was unavailable.)
There are no Connecticut Appeals Courts' decisions dealing with the proposition of whether one can convey to herself a lesser interest than she already has. On one occasion the Supreme Court relates that ". . . the decedent, through a straw man by quit claim deals, conveyed his interest in his lone property to the plaintiff and himself with right of survivorship. " Goldstein v.Ancell, 158 Conn. 225, 227 (1969). There was no question before that court as to whether this "straw man" procedure was the only way to convey to oneself a lesser interest. This court however, is attentive to the Goldstein court's description of a conveyanceto himself through a straw man, this verbiage hence disregarding any fiction or illusion of a bona fide transfer to the straw man. This verbiage bespeaks of agency and not of independent transactions.
Further precedent is noted in the Superior Court case of Curtisv. Smitters, 20 Conn. Sup. 321 (1957) wherein Judge Thim held that a person holding a fee could directly convey to herself and her husband as joint tenants, thus of course diminishing her estate in fee simple. This court further notes that by Public Act 677, in 1959, two years after Judge Thim's decision, the legislature enacted what is now General Statutes § 47-14a
affirming the right of a grantor to convey to herself a joint tenancy or tenancy in common, which obviously is a lesser estate than the grantor had prior to the conveyance.
For the reasons set forth herein the motion for summary judgment is denied.
L. Paul Sullivan, J.