UNITED STATES of America

v.

Daniel J. LEARY et al.

Civ. Nos. 626, 1707, 1708.

United States District Court
D. Connecticut.

May 22, 1963.

468

Robert C. Zampano, U. S. Atty., New Haven, Conn., James D. O'Connor, Asst. U. S. Atty., Hartford, Conn., John F. Beggan, Raymond L. McGuire, Tax Dept., Dept. of Justice, Washington, D. C., for plaintiff.

William H. Collins, Washington, D. C., for defendants.

BLUMENFELD, District Judge.

This motion for summary judgment concerns three cases, all brought by the government for the collection of federal income taxes from the defendants for the years 1933, 1934 and 1935. The first step against the defendants was taken on April 15, 1940, when a jeopardy assessment was made to secure payment of deficiency assessments against Daniel J. Leary and Sadie D. Leary for those years. In due course, the taxpayers filed a petition on September 5, 1940 with the Board of Tax Appeals for the redetermination of those deficiencies.

The first of these cases, Civil No. 626, was initiated July 3, 1941 to effect collection of the April 15, 1940 jeopardy assessment and to foreclose tax liens upon certain insurance policies owned by Daniel J. Leary. While the case was pending in this court, the proceedings begun in the Board of Tax Appeals progressed, and on May 24, 1945, having by then become the Tax Court, it rendered its decision determining deficiencies and penalties in the 1933 income tax of Daniel J. Leary, individually, to be $58,-554.57 and $29,260.69, respectively. Deficiencies in taxes and penalties for 1934 against both Daniel J. Leary and Sadie D. Leary were determined in the amounts of $100,531.92 and $50,265.94, respectively; and for 1935 in the amounts of $85,-472.72 and $43,305.55, respectively.

On April 11, 1946, Civil No. 1707 was instituted by the United States to collect the total assessments against Daniel J. Leary and Sadie D. Leary for the years 1934 and 1935 and to foreclose tax liens upon certain properties belonging to the Learys, including real estate and stock certificates.

Civil No. 1708 was also instituted on April 11, 1946 solely against Daniel J. Leary to collect the tax liability for 1933.

Responsive pleadings were filed by Daniel J. Leary only in Civil No. 1707.

At the pre-trial of these cases on September 21, 1962, Daniel J. Leary was represented by counsel, who later filed a Memorandum of Defense. The following exhibits and affidavits have been filed in support of the government's motion:

1. Jeopardy Assessment dated April 15, 1940;

2. Tax Court decision entered May 24, 1945 in Docket No. 104600 (also Order dated April 10, 1945 and Memorandum Findings of Fact and Opinion);

3. Certificate of Overassessment issued by Commissioner;

4. Assessment dated December 14, 1945;

5. Form 899—Certificate of Assessments and Payments;

6. Certified copy of docket entries in Tax Court Docket No. 104600;

7. Copy of letter from the Commissioner, under date of June 7, 1940, addressed to Daniel J. Leary and Sadie D. Leary, notifying them of deficiencies in their income taxes for 1933, 1934 and 1935.

8. Affidavit of Joseph J. Conley, Jr., District Director of Internal Revenue for the Hartford Connecticut District, dated February 14, 1963;

9. Affidavit of Debt executed and sworn to by Joseph J. Conley, Jr., District Director of Internal Revenue for Hartford Connecticut District, dated February 11, 1963.

No exhibits or affidavits have been filed in opposition.

*Discussion*

■ The defendant Daniel J. Leary makes a two-pronged attack upon the jurisdiction of the Tax Court to make a binding determination of the deficiencies against him. His first contention is that the Tax Court, if it did have jurisdiction, was divested of it upon the filing of Civil No. 626 in this court. The scholarly opinion of Judge Friendly in United States v. O'Connor, 291 F.2d 520, 525 (2 Cir. 1961), where the identical problem was resolved adversely to the taxpayer, dictates the same result here.

■ In addition, Leary also challenges the validity of the proceedings before the Tax Court on two grounds. First, he claims that the Tax Court's jurisdiction did not attach at the outset because the taxpayer's petition was not timely filed. Exhibits 1, 6 and 7 listed supra, affirmatively show this contention to be without any factual support. A jeopardy assessment was made on April 15, 1940 and within sixty days thereof, on June 7, a notice of deficiency was mailed to the taxpayers. Thereafter, on September 5, 1940, within ninety days of this mailing, the petition was duly filed. All the required procedural steps were properly taken leading up to a timely filing by the Learys of their petition in the Tax Court.

■ Leary's second criticism of the Tax Court's proceedings is that his counsel of record in the Tax Court, after seeking and having been denied permission by the Tax Court to withdraw from the case, did not appear and contest at the trial (Mrs. Leary, with her counsel, did however) held in Boston on November 13, 14, 17, 20, 1944, although fully advised of the trial date. The right of the Tax Court to proceed with the trial, in accordance with its Rule 27(c) (3) established by it pursuant to § 1111 of the 1939 Code which provides ample procedural due process, is not open to question. Katz v. C. I. R., 188 F.2d 957 (2 Cir. 1951). Furthermore, any attack upon the proceedings of the Tax Court cannot be launched here, but must be made upon petition for review to the Circuit Court of Appeals. § 1141(a) (now Internal Revenue Code 1954, 26 U.S.C. § 7482); Jefferson Loan Co. v. Arundell, 106 U.S. App.D.C. 370, 273 F.2d 105 (1959);

United States v. Lusk, 63 U.S.T.C. Par. 9359 (D.C.N.D.Ill.1963); See Factor v. C.I.R., 281 F.2d 100, 109 (9 Cir. 1960) cert. denied 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365. No petition for review having been timely filed, 26 U.S.C. § 7483 (1954 Code), the Tax Court's decision becomes final. Lasky v. C.I.R., 235 F.2d 97 (9 Cir. 1956) aff'd 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598. The decision of the Tax Court is res judicata in this subsequent litigation. Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405 (1932); United States v. Herter, 148 F.Supp. 349 (S.D. N.Y.1957); United States v. Lusk, supra; Cf. United States v. International Building Co., 345 U.S. 502, 505, 73 S.Ct. 807, 97 L.Ed. 1182 (1953); Commissioner v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1947).

■ These actions were treated as consolidated at pretrial and upon the motion for summary judgment. More than simply a common question of law and facts is involved; the very same questions of law and fact in Nos. 1707 and 1708 are involved in No. 626. Since the government does not seek to recover the same taxes, penalties and interest twice, but seeks only to preserve the right to foreclose upon certain life insurance policies still subject to the jeopardy assessment in No. 626 and upon liens against certain personalty and realty in No. 1707, there is no reason why they should not be consolidated under the single case No. 626 and thus permit one judgment to be entered against the Learys who are parties in all three. So far as the other defendants who hold property in which the Learys may have an interest subject to tax liens or jeopardy assessment, the disposition of those matters may await another day.

The more than twenty year history of this long drawn out case reveals that the defendants have been accorded every opportunity at many stages in its progression to assert and present any meritorious defenses to these actions they might have. There has, nevertheless, been a persistent and undeviating attempt by Leary to prevent any direct determination of the merits by the courts. Despite these evasive maneuvers, the record of the proceedings in the Tax Court, in this case involving large sums, reveals that the government and the Tax Court were meticulously careful and thorough in making the determinations upon which the judgment is based. There has been no element of mistake, inadvertence, surprise or excusable neglect to hinder Leary from presenting any meritorious defense he might have had.

The District Director's uncontested affidavit of debt (government's exhibit 9) shows that:

"3. That there is presently due and outstanding on the District Director's books of Hartford District, Connecticut, Income taxes as follows:

| Taxable Period | Tax Due | Interest to 1/29/63 | Total |
|---|---|---|---|
| 1933 | $106,812.85 | $137,023.37 | $243,836.22 |
| 1934 | $156,298.81 | $232,092.60 | $388,391.41 |
| 1935 | $157,138.39 | $199,295.87 | $356,434.26 |
| | | Lien Fees | $18.00 |
| | | Grand Total | $988,679.89 |

"4. That no part thereof has been paid and there are no offsets or counterclaims in favor of said debtor.

"5. Interest on the amount of tax shown to be due will accrue at the daily rate of $69.08 from January 29, 1963 to date of payment."

The government's motion for summary judgment is granted.

Sadie D. Leary is not liable for the deficiency in tax for the year 1933.

I find that the total liability of Daniel J. Leary, including interest to May 21, 1963, is $996,278.69. Also I find that Sadie D. Leary, since she is not liable for the 1933 assessment, is therefore liable as of that date for only $750,511.09 of the total indebtedness.

I also determine that there is no just reason for delay and direct that judgment for said amounts enter accordingly on May 21, 1963. Rule 54 F.R.Civ.P.

Enter judgment consolidating the three cases, Civil No. 626, Civil No. 1707 and Civil No. 1708, under Civil No. 626 and for the United States of America to recover of the defendants the amounts for which they have been found liable.