HENRY W. CONNOR *v.* PAULINE CONNOR

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 102523

---

120

Memorandum filed January 22, 1964

*R. William Bohonnon,* of New Haven, for the plaintiff.

*John E. McNerney,* of New Haven, for the defendant.

FITZGERALD, J. The within action is one in which the plaintiff, by way of equitable relief, is seeking a partition of certain land, with buildings and other improvements thereon, located in Guilford and alleged to be in the possession of the parties as joint tenants with right of survivorship, each of them having an estate in fee in an undivided one-half part thereof, or, in the alternative, a sale of the premises and a division of the proceeds between the parties according to their rights. As drawn, the complaint and prayers for relief are patterned upon Form No. 399 of the 1963 Practice Book.

In response to a motion for disclosure of defense filed by the plaintiff pursuant to § 176 of the 1963 Practice Book, the defendant through the medium of her attorney filed a paper captioned "Disclosure of Defense" which states in effect that she believes that there exists a bona fide defense which will be made at the trial, resting upon a claim that a partition by

sale would not be for the best interests of the defendant and the minor children of the parties in that "the plaintiff agreed with the defendant to maintain the premises for the use of the defendant and their children at least until the [minor children] become of age."

The form and subject of the disclosure on file has been productive of the plaintiff's motion to expunge on two grounds: (1) it does not comply with the requirements of § 176; (2) its contents are frivolous and sham.

As to (1): Rule 176 provides that in any case in which an attorney appears for the defendant the plaintiff may at any time require such attorney to present a written statement to the court, to become a part of the file, signed by him, stating "whether he has reasons to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense." The plaintiff argues, and correctly so, that the subject of the written statement in the form presented and manner signed is that of the defendant acting through her attorney and not that of her attorney, as required by the rule. In oral argument, the defendant's attorney stated that the subject of the disclosure represents his own belief as well as that of his client. To expunge the tendered disclosure as one not being in strict compliance with the rule as to form and signature would be to exalt technicality over substance. The court declines to do so. The first ground of the motion is overruled.

As to (2): In Connecticut there exists two modes of relief within the power of the court in an action of this nature brought by one of two or more joint owners of real estate. One is partition by division

of the real estate and the other is partition by sale. *Klaus* v. *Klaus,* 143 Conn. 218, 221, citing the leading Connecticut case of *Johnson* v. *Olmsted,* 49 Conn. 509, 517 (1882). Both kinds of relief are authorized by statute, and the power to grant one or the other is conferred upon those of our courts which have equitable jurisdiction. General Statutes §§ 52-495, 52-500; see *Gaer Bros., Inc.* v. *Mott,* 147 Conn. 411, 415. In determining whether the partition should be by division or by sale, the question before the court is which one of the alternative reliefs would better promote the interests of the owners. *Johnson* v. *Olmsted,* supra, 519; *Gaer Bros., Inc.* v. *Mott,* supra. It has already been noted that the disclosure made is confined to the claim that a partition by sale should not be made, and the reasons thereof, including an agreement between the parties. Whether the defendant intended to limit her position only in regard to a partition by sale but to acquiesce in a division of the real estate is an interesting point. As drafted, the subject of the disclosure must be taken as directed against a partition by sale but not against a division of the real estate.

The plaintiff argues that under the allegations of his complaint and the law pertaining to partition, his right to either one of the two requested reliefs is absolute and that any claim by the defendant founded upon an agreement between the parties which would curtail his position is frivolous and sham and has no place in the case. The court does not agree with the plaintiff on this point. In *Rayhol Co.* v. *Holland,* 110 Conn. 516, 526, our Supreme Court said: "But the parties may enter into a reasonable agreement which will expressly or impliedly debar them from seeking a partition." As noted in 68 C.J.S. 66, Partition, § 44, this view appears to represent the general and well-settled rule in an imposing number of other jurisdictions,

providing "the agreement covers only a reasonable period of time and is otherwise valid, binding, and effective."

It is not the function of the court to pass summarily upon the validity or sufficiency of the purported defense if made in good faith. *Jennings* v. *Parsons,* 71 Conn. 413, 417. It is found to be so made. Whether the agreement can be upheld in a limited special defense to be filed by the defendant lies in the future.

The second ground of the plaintiff's motion is also overruled. Accordingly, the plaintiff's motion to expunge is overruled in toto.