**UNITED STATES of America,**
**Plaintiff,**

v.

**Benny MOSOLOWITZ, Shirley Mosolo-**
**witz et al., Defendants.**

**Civ. No. 9717.**

United States District Court
D. Connecticut.

April 3, 1967.

Charlotte P. Faircloth, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C. (Jon O. Newman, U. S. Atty., and John F. Mulcahy, Jr., Asst. U. S. Atty.,

Hartford, Conn., on the brief) for the United States.

Sonia Goldstein, of Sachs, Sachs, Giaimo & Sachs, New Haven, Conn. (Arthur S. Sachs and Howard A. Jacobs, New Haven, Conn., on the brief), for defendants Benny Mosolowitz and Shirley Mosolowitz.

Frank E. Callahan and Curtis H. Barnette, of Wiggin & Dana, New Haven, Conn., for defendant Metropolitan Life Ins. Co.

Robert Carangelo, New Haven, Conn., for defendant Tax Collector, Town of Hamden.

TIMBERS, Chief Judge.

## QUESTION PRESENTED

The government's motion for summary judgment, pursuant to Rule 56, Fed.R. Civ.P., in this action to enforce a federal tax lien and to subject property belonging to the taxpayer to such lien pursuant to the tax lien enforcement statute,[1] presents chiefly the question whether certain Connecticut residential real estate jointly owned and occupied by the taxpayer husband and his non-taxpayer wife may be sold in satisfaction of a federal tax lien upon property of the taxpayer husband.

The Court holds that such jointly owned property of the taxpayer and his wife may be sold in satisfaction of the federal tax lien upon property of the taxpayer husband.

1. Int.Rev.Code of 1954, § 7403, 26 U.S.C. § 7403 (1964).

2. Defendant Shirley Mosolowitz' cross-motion for summary judgment in her favor is denied in view of the Court's grant of the government's motion.

3. Int.Rev.Code of 1939, § 3672, 26 U.S.C. § 3672 (1952) [now Int.Rev.Code of 1954, § 6323, 26 U.S.C. § 6323 (1964)].

4. The taxpayer is the sole owner of another parcel of real estate located at 46 Vernon Street, New Haven, Connecticut; his wife has no interest in this property. The taxpayer inherited this property from his father, Samuel Mosolowitz, who died

## FACTS

The material facts necessary to a determination of the instant motion by the government for summary judgment are not in dispute.[2]

Benny Mosolowitz (the taxpayer) resides with his wife, Shirley, at 247 Fairview Avenue, Hamden, Connecticut. They purchased this property February 14, 1948 and have lived there ever since. A mortgage, recorded October 29, 1947, which was on this property at the time they purchased it, was assumed by Benny and Shirley Mosolowitz; such mortgage, now in amount of $1,721.50, is held by the Metropolitan Life Insurance Company; and the government concedes the superiority of this mortgage lien to the federal tax lien on the property.[3] The only other lien on this property is that of the Town of Hamden resulting from a real estate tax assessment October 1, 1961; the Town of Hamden concedes that its tax lien is inferior to the federal tax lien.

The only contested issue in the case arises from the government's claim that it is entitled to enforce its federal tax lien upon property of the taxpayer husband against this Fairview Avenue property which is jointly owned and occupied by the taxpayer and his wife, and that the property may be sold in satisfaction of the federal tax lien.[4]

In a proceeding brought by the taxpayer in the Tax Court of the United States for redetermination of his federal income tax liabilities for the years in ques-

November 4, 1959. The father had acquired it by devise under the will of the taxpayer's mother, Lena Mosolowitz, who had purchased it in 1941. When the taxpayer acquired this property, it was encumbered by a $2,000 mortgage, then and now held by the taxpayer's sister, Shirley Sodel; the government concedes the superiority of this mortgage lien to the federal tax lien on this property. The taxpayer being the sole owner of this Vernon Street property, it is undisputed that the government is entitled to enforce its federal tax lien against this property and that the property may be sold in satisfaction of such lien.

tion, a stipulation of settlement was entered into between counsel for the taxpayer and counsel for the IRS on January 31, 1958 by the terms of which it was agreed that deficiencies were due from the taxpayer for unpaid income taxes, penalties and interest for the years 1946, 1947 and 1948.[5] Pursuant to this stipulation, a decision was entered accordingly by the Tax Court on March 4, 1958.[6]

■ Within 60 days thereafter, on April 11, 1958, the District Director assessed against the taxpayer for the years in question unpaid income taxes, penalties and interest to that date totaling $8,877.89.[7] Notice of these assessments was given and demand for payment was made upon the taxpayer on May 15, 1958, but he has refused to pay. A lien in favor of the government thereupon attached to all property and rights to property, whether real or personal, of the taxpayer.[8] Between June 3, 1958 and January 24, 1962, notices of the tax liens resulting from these assessments were filed with the Secretary of the State in Hartford, the Town Clerks in Hamden and New Haven and the Guilford Savings Bank in Guilford.

The government commenced the instant action March 25, 1963 to enforce its tax lien and to subject property of the taxpayer to such lien. Jurisdiction is founded on 26 U.S.C. §§ 7401, 7402(a), 7403(a)–(c) (1964) and 28 U.S.C. §§ 1340, 1345 (1964).

## DETERMINATION OF TAXPAYER'S INTEREST IN THE PROPERTY

Resolution of the legal issues raised by the government's motion for summary judgment turns upon a determination of the nature of the legal interest of the taxpayer in the Fairview Avenue property and the legal basis for levying execution upon that interest.

The starting point is Chief Justice Warren's holding in Aquilino v. United States, 363 U.S. 509, 512–513 (1960):

"The threshold question in this case, as in all cases where the Federal Government asserts its tax lien, is whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach. In answering that question, both federal and state courts must look to state law, for it has long been the rule that 'in the application of a federal revenue act, state law controls in determining the nature of the legal interest which the taxpayer had in the property . . . sought to be reached by the statute.' Morgan v. Commissioner, 309 U.S. 78, 82."

The warranty deed pursuant to which the taxpayer and his wife (under the names of Benjamin Moslow and Shirley Moslow) jointly purchased the Fairview Avenue property on February 14, 1948 reads in pertinent part as follows:[9]

" . . . do give, grant, bargain, sell and confirm unto the said Benjamin Moslow and Shirley Moslow, and unto

5. Int.Rev.Code of 1939, §§ 272(b), 293(b), 26 U.S.C. §§ 272(b), 293(b) (1952) [now Int.Rev.Code of 1954, §§ 6215(a), 6653(b), 26 U.S.C. §§ 6215(a), 6653(b) (1964)].

6. The decision of the Tax Court is *res judicata* in this action to recover taxes for the same years and is not open to attack in this Court. United States v. International Building Co., 345 U.S. 502, 506, (1953); Commissioner v. Sunnen, 333 U.S. 591, 597–598, (1948); United States v. Brown, 225 F.Supp. 414 (E.D.Pa.1964); United States v. Leary, 228 F.Supp. 467, 469–470 (D.Conn.1963), aff'd per curiam, 330 F.2d 497 (2 Cir. 1964).

7. An uncontroverted affidavit of debt, sworn to October 18, 1965, by Terrence P. McGovern, Chief, Office Branch, District Director of Internal Revenue for Connecticut, submitted by the government in support of the instant motion, discloses that as of October 18, 1965 the taxpayer's unpaid assessments for the years 1946, 1947 and 1948, plus lien fees, totalled $11,695.71 and that interest is accruing at the daily rate of $1.03.

8. Int.Rev.Code of 1939, § 3670, 26 U.S.C. § 3670 (1952) [now Int.Rev.Code of 1954, § 6321, 26 U.S.C. § 6321 (1964)].

9. The deed was recorded February 25, 1948 in Volume 256, page 516, of the Land Records of the Town of Hamden.

the survivor of them, and unto such survivors, heirs and assigns forever, . . . ."

Under Connecticut law, this is known as a "survivorship deed." It is "generally utilized in this state whenever realty is placed in the name of husband and wife. This type of deed creates an estate sui generis. It sets up in each grantee an interest in the land, provides for the termination of the interest of the grantee first dying, and, upon his or her death, vests the entire fee in the survivor. The effect of the deed is not unlike one which creates a life estate in each grantee with remainder over contingent upon survivorship. No vital end is to be served, therefore, by giving a label to [one grantee's] interest, such as, for example, that of joint tenancy with an express right of survivorship annexed, or a tenancy in common with a similar annexed right." Hughes v. Fairfield Lumber & Supply Co., 143 Conn. 427, 429–430, 123 A.2d 195, 196–197 (1956).

The Connecticut legislature in 1959 enacted Conn.Gen.Stat. § 47–14a which provides in pertinent part as follows:

"A conveyance of real estate or any interest therein by deed . . . to two or more natural persons, . . . in such form that the conveyance runs unto the grantees . . ., whether as joint tenants or as tenants in common, and unto the survivor of them, or unto the survivor and survivors of them, and unto the last survivor's heirs and assigns, . . . *shall be deemed to create a joint tenancy in fee simple with right of survivorship added and the tenants holding under any such conveyance shall be known as joint tenants.* . . ." (Emphasis added)

▪ This Court accordingly holds, applying Connecticut law, that the deed under which the taxpayer and his wife purchased the Fairview Avenue property created in them a joint tenancy in fee simple with right of survivorship added and that they hold such property as joint tenants.

## DETERMINATION OF GOVERNMENT'S RIGHT TO LEVY EXECUTION ON TAXPAYER'S INTEREST IN THE PROPERTY

Having determined, by looking to state law, the nature of the legal interest of the taxpayer in the Fairview Avenue property (a joint tenancy with right of survivorship), the Court must look to federal law to determine the government's right to and means of enforcement of its federal tax lien against the taxpayer's interest in the property. Aquilino v. United States, supra at 512–514; United States v. Bess, 357 U.S. 51, 55–57 (1958); United States v. Heasley, 283 F.2d 422, 428 (8 Cir. 1960).

The federal tax lien enforcement statute governs:[10]

"SEC. 7403. ACTION TO ENFORCE LIEN OR TO SUBJECT PROPERTY TO PAYMENT OF TAX.

(a) Filing.—In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary or his delegate, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title or interest, to the payment of such tax or liability.

(b) Parties.—All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.

(c) Adjudication and Decree.—The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved

10. Int.Rev.Code of 1954, § 7403, 26 U.S.C. § 7403 (1964).

therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. * * *."

 This statute, by its broad terms, clearly authorizes this Court, once it has determined under state law that the taxpayer has a right or interest in the property in question, to subject such property to the government's tax lien, to order a sale of such property and to provide for appropriate distribution of the proceeds of such sale in accordance with the interests of the parties. The Court must bear in mind "the fundamental principle that liens for federal taxes are entirely statutory and the provisions for their collection are to be strictly followed according to federal law." United States v. Heasley, supra at 428.

In affirming a District Court's order authorizing the sale of real property in which the taxpayer had a joint tenancy interest, the Court of Appeals for the Seventh Circuit construed Section 7403 in United States v. Trilling, 328 F.2d 699, 702–703 (7 Cir. 1964), as follows:[11]

"Appellant's final contention is that 26 U.S.C.A. § 7403 does not empower the District Court to order a sale of the entire property, including appellant's admitted joint tenancy interest, or to charge appellant's interest with any of the fees, costs or expenses incident to the sale. . . . in § 7403 Congress has expressly authorized the district court to subject 'any property' in which the delinquent taxpayer 'has any right, title, or interest' to the payment of 'such tax or liability'; has required that 'all persons' claiming any interest 'in the property involved' be made parties to the proceeding; and has empowered the court to order a sale 'of such property' and direct distribution of the proceeds of such sale according to the 'interests of the parties and of the United States'. The express language of the statute negates any design or intent on the part of Congress to limit the reach of the statute to the 'interest' of the taxpayer as distinguished from the 'property' in which he has such 'interest'. This being so we are of the view that a proper recognition of the teachings of Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 and United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135, requires the conclusion that once the state law has been applied to ascertain the taxpayer's state-created property interests—to govern the determination of whether the taxpayer has 'property' or an 'interest in property' to which the lien attaches—we enter the province of federal law in subjecting the property involved to the discharge of the tax liability. As Mr. Chief Justice Warren had occasion to observe in Aquilino (363 U.S. 509 at 514, 80 S.Ct. 1277 at 1280–1281, 4 L.Ed.2d 1365): 'This approach strikes a proper balance between the legitimate and traditional interest which the State has in creating and defining the property interest of its citizens, and the necessity for a uniform administration of the federal revenue statutes'."

Section 7403(c), in authorizing the Court to decree a sale of property in which an interest of the United States by virtue of a tax lien has been established, is so clear that judicial construction of the statute by way of justification of such a sale seems superfluous. Counsel for the parties here nevertheless have addressed policy arguments to the Court in support of their respective positions. To the extent that it is within the competence of the Court to assess the policy

---

11. The taxpayer in the instant case vigorously urges upon the Court the contrary view of Folsom v. United States, 306 F.2d 361 (5 Cir. 1962). This Court declines to follow *Folsom*, believing that it incorrectly applied Section 7403.

behind such a statute so clear on its face, the policy of Congress is plain: to assure collection of taxes due the United States by enforcing tax liens upon property of a delinquent taxpayer or in which he has any right, title or interest. To that paramount interest of the United States, the interests of others, including the delinquent taxpayer and his wife, in property against which the tax lien is to be enforced obviously must yield.

As between partitioning this property in kind and selling the whole property with a division of the proceeds in accordance with the interests of the parties, the latter obviously will better promote the interests of all concerned. Sale of the taxpayer's one-half interest alone would be economically unsound; if there were a market at all for it, the net proceeds would be substantially less than the value of his proportionate share of a sale of the whole property. Being residential property presently occupied by the taxpayer husband and his wife, even if a buyer of the taxpayer's one-half interest could be found, the hardship on both present occupants and the unrealistic social conditions that would ensue require no dilation.

 The Court orders a sale of the whole Fairview Avenue property and a distribution of the proceeds of such sale in accordance with the interests of the parties.[12]

The Court having determined, by looking to state law, the nature of the tax-payer's legal interest in the property, and having determined, by looking to federal law, the government's right to and means of enforcement of its federal tax lien against the taxpayer's interest in the property, the Court has decided all that it is required to decide. There remains only for the Court to direct the provisions to be included in the judgment.

 Before doing so, however, it may be appropriate to note, by way of dictum, that even if state law were to determine the government's right to and means of enforcement of its federal tax lien (which the taxpayer urges but the Court declines to hold), the result under Connecticut law would be the same as under federal law. The Connecticut statutes provide that, upon the complaint of any person interested, any court having equitable jurisdiction, may "order partition of any real estate held in joint tenancy"[13] or may "order the sale of any estate, real or personal, owned by two or more persons, when, in the opinion of the court, a sale will better promote the interests of the owners."[14] The Connecticut Supreme Court has squarely held that the estate of a joint tenant in real property, even when accompanied by a right of survivorship, is subject to levy and execution. New Haven Trolley & Bus Employees Credit Union v. Hill, 145 Conn. 332, 336–337, 142 A.2d 730, 732–733 (1956).[15] Clearly, moreover, under Connecticut law the joint tenancy inter-

---

12. Int.Rev.Code of 1954, § 7403. 26 U.S.C. § 7403 (1964); United States v. Trilling, 328 F.2d 699, 702–703 (7 Cir. 1964); United States v. Borcia, 58–1 U.S.T.C. ¶9119 (S.D.Cal.1958); United States v. Beggerly, 52–1 U.S.T.C. ¶9304 (S.D.Cal. 1952).

13. Conn.Gen.Stat. § 52–495 (1958).

14. Conn.Gen.Stat. § 52–500 (1958).

15. In the New Haven Trolley & Bus Employees Credit Union case, the Connecticut Supreme Court stated (145 Conn. 332, 336–337):

"It is the fundamental policy of our law, and always has been, that all the property of a person, unless by law exempt, shall be liable for the payment of any money judgment rendered against him. Remington v. Cady, 10 Conn. 44, 47; Murphy v. Dantowitz, 142 Conn. 320, 327, 114 A.2d 194; Cum.Sup.1955, § 3194d. It would be strange indeed if in Connecticut, where joint tenancies are not presumed and where they do not, in and of themselves, have the incident of survivorship, the simple expedient of an express provision for survivorship could confer a complete exemption of the interest of each joint tenant, however valuable, from attachment or execution for the satisfaction of his individual debts. *We reject such a rule, and hold that where, by express terms in the granting instrument, a joint tenancy is created together with*

est of defendant Benny Mosolowitz in the Fairview Avenue property gives him the right to sue either to. partition or sell the property.[16] Since the government's lien has attached to all property, *and rights to property,* of the taxpayer,[17] the government is a "person interested" within the purview of the Connecticut statutes providing for partition or sale.[18] In determining whether partition or sale would better serve the interests of the parties, including the government, the same considerations would be weighed [19] as have been taken into account by the Court in applying Section 7403(c), see pp. 15–17 supra. For the reasons there set forth, the Court would conclude, if it were to apply Connecticut law to determine the consequences and means of enforcing the government's federal tax lien against the taxpayer's interest in the property, that the Fairview Avenue property should be sold and the proceeds of such sale should be distributed in accordance with the interests of the parties. Hence, whether under federal or state law, the result would be the same.

## CONCLUSION

For the reasons stated above, there being no genuine issue as to any material fact and the government being entitled to judgment as a matter of law, the government's motion for summary judgment is granted and defendant Shirley Mosolowitz' cross-motion for summary judgment is denied.

The Clerk accordingly is directed to enter judgment based upon the following:

(1) That defendant Benny Mosolowitz is indebted to plaintiff for unpaid income taxes, penalties and interest for the years 1946, 1947 and 1948 as assessed April 11, 1958, which to that date totalled $8,877.89, plus accrued interest; said unpaid assessments, plus lien fees, totalled $11,695.71 as of October 18, 1965; and interest has accrued at the daily rate of $1.03 from October 18, 1965 to the date of the judgment herein.

(2) That plaintiff has valid and subsisting liens upon all property, interests in property and rights to property, real and personal, of defendant Benny Mosolowitz, including the Vernon Street and Fairview Avenue properties more particularly described in paragraphs XI and XIV of the complaint here-

---

*the right of survivorship, the estate thus created is no less subject to attachment and execution than an ordinary common-law joint tenancy with an incidental or implied right of survivorship. Such an estate is subject to destruction by the severance resulting from the levy of a proper execution.* Hughes v. Fairfield Lumber & Supply Co., 143 Conn. 427, 431, 123 A.2d 195; see General Statutes § 7095.

"It is true that the attachment itself does not operate as a severance. It was for this reason that *we held that in a cotenancy with right of survivorship the death of a cotenant, after an attachment of his interest but before judgment, extinguished his interest and thus the 'estate' held by the attachment under § 3194d of the 1955 Cumulative Supplement.* Hughes v. Fairfield Lumber & Supply Co., supra, 430. *Here, both the defendant and the sole other joint tenant, his wife,*

*are still alive.* Therefore it is unnecessary for us to determine at exactly what stage of the proceedings the severance occurred. It certainly took place, subject to being vacated by the exercise of the right of redemption, not later than the rendition of the judgment of foreclosure of the lien. That is as far as we are required to go by the facts of this case." (Emphasis added)

16. Conn.Gen.Stat. §§ 52–495, 52–500 (1958); Connor v. Connor, 25 Conn. Supp. 119 (Super.Ct.1964); cf. McCrohan v. McCrohan, 17 Conn.Supp. 207, 211 (Super.Ct.1951).

17. Int.Rev.Code of 1939, § 3670, 26 U.S.C. § 3670 (1952) [now Int.Rev.Code of 1954, § 6321, 26 U.S.C. § 6321 (1964)].

18. Conn.Gen.Stat. §§ 52–495, 52–500 (1958).

19. Gaer Bros., Inc. v. Mott, 147 Conn. 411, 161 A.2d 782 (1960); Johnson v. Olmsted, 49 Conn. 509 (1882); Connor v. Connor, supra note 16.

in, in the amount of defendant Benny Mosolowitz' indebtedness to plaintiff as set forth in paragraph (1) above.

(3) That said liens of plaintiff on said property of defendant shall be foreclosed by sales of such property in accordance with the practice of this Court, the proceeds of such sales to be distributed according to the following priorities:

(a) With respect to the Vernon Street property (Complaint, paragraph XI)—

(i) Payment of mortgage lien of Shirley Sodel.

(ii) Payment of plaintiff's federal tax lien to the extent of defendant Benny Mosolowitz' indebtedness to plaintiff as set forth in paragraph (1) above.

(iii) Payment of balance, if any, to said defendant Benny Mosolowitz.

(b) With respect to the Fairview Avenue property (Complaint, paragraph XIV)—

(i) Payment of mortgage lien of the Metropolitan Life Insurance Company.

(ii) Payment of plaintiff's federal tax lien to the extent of defendant Benny Mosolowitz' indebtedness to plaintiff as set forth in paragraph (1) above and to the extent of his one-half interest in the property.

(iii) Payment to defendant Shirley Mosolowitz of an amount equivalent to the amount paid to plaintiff in satisfaction of its federal tax lien *against* defendant Benny Mosolowitz as provided in immediately preceding paragraph.

(iv) Payment of balance, if any, equally to defendants Benny Mosolowitz and Shirley Mosolowitz.

(4) That plaintiff shall have judgment against defendant Benny Mosolowitz individually for such portion of said defendant's indebtedness to plaintiff set forth in paragraph (1) above as remains unsatisfied after foreclosure of plaintiff's liens on said defendant's property, interests in property and rights to property, including the foreclosure sales of the Vernon Street and Fairview Avenue properties as hereinabove provided.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

---

The Court wishes to acknowledge its special appreciation for the extraordinarily able presentations, both in the oral arguments and in the briefs, by two highly competent Portias of the Bar— Charlotte P. Faircloth for the government and Sonia Goldstein for the taxpayer and his wife.