**UNITED STATES of America, Plaintiff,**

v.

**Walter KOCHER, a/k/a Walter A. Kocher, et al., Defendants.**

**No. 65 Civ. 1935.**

United States District Court, S. D. New York.

May 10, 1971.

Whitney North Seymour, Jr., U. S. Atty., Southern District of New York, for plaintiff; Yale L. Rosenberg, Asst. U. S. Atty., of counsel.

McGuigan & Kilcullen, New York City, for defendants Walter Kocher and Rose Kocher; E. Gayle McGuigan, New York City, of counsel.

Garey & Garey, New York City, for defendants Commercial Bank of Soleure and Eric Kocher.

METZNER, District Judge:

The government seeks partial summary judgment in its action to foreclose tax liens against the property of defendant Walter Kocher.

There is no dispute that the property known as Parcel 1, Parcel 2, Parcel 3, Plot 1 and Plot 2 is held by the taxpayer and his wife as tenants in common. The tax liens were filed on January 13, 1961. On October 18, 1961 Kocher and his wife conveyed the property by a deed from themselves as tenants by the entirety to themselves as tenants in common. Mrs. Kocher has stated in an affidavit that she agreed to this procedure because her husband had an interest in the property, that he owed money on his taxes and it seemed fair that his interest be available to pay his debt.

The question for determination is whether the government is entitled to enforce its lien by selling the property, and after deducting the costs of foreclosure and prior liens, dividing the proceeds equally with Mrs. Kocher. Mrs. Kocher argues that only her husband's interest in the property may be sold.

The statute provides the procedure for the government to enforce its tax lien. 26 U.S.C. § 7403. Subsection (a) provides that the government may file a civil suit in a district court "to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." We are dealing with such an action in this case.

Subsection (c) provides that the court shall determine the merits of all claims to and liens upon the property, and "may decree a sale of such property,

\* \* \* and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

■ I find no problem as to the interpretation of these provisions and their applicability to the case at bar. In the first place, federal law controls the enforcement of federal tax liens. Aquilino v. United States, 363 U.S. 509, 513–514, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); United States v. Heasley, 283 F.2d 422, 428 (8th Cir. 1960). The statutory language is plain that any property in which a taxpayer has an interest may be the subject matter of the lawsuit to enforce payment of the tax. The entire property may be sold to achieve this purpose. However, the court fixes the respective interests of all parties concerned so that only that portion of the proceeds attributable to the taxpayer's interest is kept by the government.

The issue presented here has been discussed in several cases. In United States v. Trilling, 328 F.2d 699, 703 (7th Cir. 1964), the court said:

"The express language of the statute negates any design or intent on the part of Congress to limit the reach of the statute to the 'interest' of the taxpayer as distinguished from the 'property' in which he has such 'interest.'"

In that case the court sustained a judgment authorizing the sale of real estate in which the taxpayer and his wife each had an undivided one-half interest, with the assessment of the costs and expenses equally divided between the co-owners. A similar result was reached where the taxpayer and his wife were joint tenants with right of survivorship. United States v. Mosolowitz, 269 F.Supp. 12 (D.Conn.1967).

The next case dealt with the question whether § 7403 permitted the sale of the taxpayer's real estate free of his wife's inchoate dower interest. The court held that the wife's interest was subject to termination by the sale. Washington v. United States, 402 F.2d 3, 6–7 (4th Cir. 1968).

Finally, in United States v. Overman, 424 F.2d 1142, 1146 (9th Cir. 1970), the court, after finding an interest of the taxpayer in community property to which the lien could attach, said,

"Thus, the statute [§ 7403] contemplates that the district court may subject the interests of persons other than the taxpayer to an involuntary conversion during the course of enforcing the Government's lien on the delinquent taxpayer's interest in the same property."

The only case holding contrary to the above cases is Folsom v. United States, 306 F.2d 361 (5th Cir. 1962), which was the first to deal with the issue.

■ I would point out that if we adopt Mrs. Kocher's contention a completely unsatisfactory result would follow. The purchaser becomes a tenant in common with Mrs. Kocher, and then must reach an amicable settlement with her if he desires the entire property for his own use. Either prospect, buying out Mrs. Kocher or remaining as a tenant in common, can only cause a lesser price to be obtained for the interest than if the property is sold as a unit.

Reference is made to United States v. Pollack, 233 F.Supp. 775 (E.D.N.Y. 1964). Under the broadest reading of that case, it stands for the proposition that where there are two possible properties to which the government can look to satisfy its lien, the court should direct that it first be satisfied out of the property in which there is no other interest. The only problem with that case is its inapplicability to the facts in this one. There is other property which the government claims is owned solely by the taxpayer. However, Mrs. Kocher claims an undivided half interest in that property, and because of the necessity of trying that issue, the government only asks for partial summary judgment here.

The motion is granted. The application for relief pursuant to Fed.R.Civ.P. 54(b) is also granted.

Settle order in accordance with the above opinion and provide for the priority of lienholders as shown of record.